ESTATE OF LEVALLEY: FIRST WISCONSIN TRUST COMPANY
and another, Executors, Appellants, vs. WISCONSIN
TAX COMMISSION, Respondent.

*October 16—November 9, 1926.*

*Taxation: Legacies upon which the inheritance tax is paid by the
estate: How tax computed.*

A testator by his will directed his executors to pay the inherit-
ance tax on a large number of pecuniary bequests. *Held,*
that the amount of each bequest was properly increased to
such sum that, when the inheritance tax was deducted, the
original amount of the legacy would remain, instead of com-
puting the tax on the amount of the legacy,—the right to
have the tax paid by the executors being an interest in the
property transferred, and taxable.

APPEAL from an order of the county court of Milwau-
kee county: JOHN C. KAREL, Judge. *Affirmed.*

From an order determining the cash value of the estate
and fixing the amount of the inheritance tax to which the
estate is liable, the executors appeal.

For the appellants there were briefs by Edgar L. Wood,
and oral argument by *Richard H. Tyrrell*, both of Milwau-
kee.

For the respondent there was a brief by the *Attorney
General, Franklin E. Bump*, assistant attorney general, and
*John Harrington*, inheritance tax counsel, and oral argument
by *Mr. Bump* and *Mr. Harrington*.

ROSENBERRY, J.   The question to be determined in this
case lies within a very narrow compass and we shall state
only such facts as are necessary to present the question.

The will of the deceased, after making provision for a
large number of pecuniary bequests (the value of the estate
was $525,645.55), gave the residue of the estate to the
*First Wisconsin Trust Company* of Milwaukee as trustee

Estate of Levalley, 191 Wis. 356.

for the benefit of certain charitable trusts. The thirty-seventh paragraph of the will is as follows:

"If there shall remain any residue of my estate after paying the foregoing bequests, then I direct my executors to pay all federal and state inheritance and estate taxes which may be assessed by reason of such bequests, whether such assessment be against the beneficiary or against the bequest, and if such residue is insufficient to pay all of such inheritance and estate taxes in full, then I direct that *pro rata* payment thereof be made."

In determining the inheritance tax the county court increased the amount of each pecuniary bequest made by the will to such a sum that, when the state inheritance tax was computed thereon and deducted therefrom, the remainder was the amount of the legacy. To illustrate:

In the case of a $50,000 bequest, the court, instead of computing the tax upon $50,000 (in accordance with the claim of the executors) as follows:

| Legatee. | Relation-ship. | Share. | Exemp-tion. | Net tax-able legacy. |
|---|---|---|---|---|
| Mrs. Louise D. Edwards. | Stranger. | $50,000 | $150 | $49,850 |
|  |  | (Rate of tax) |  |  |
| $24,850 |  | x | .08 | 1,988 |
| 25,000 |  | x | .16 | 4,000 |
|  |  |  |  | $5,988 |

computed it upon $57,879, as follows:

| $150 | Exempt. | |
|---|---|---|
| 24,850 | 8 % | $1,988 |
| 25,000 | 16 % | 4,000 |
| 7,879 | 24 % | 1,891 |
| $57,879 | Total interest. | $7,879   Total tax. |
| 7,879 | Tax subtracted. | |
| $50,000 | Net legacy. | |

It is conceded that if the rates were uniform and the residue was taxable the mathematical result would be the

same, but where the residue and the legacies are taxable at different rates, and especially where the residue is not taxable because it is given to a charitable trust, there is a material difference. In the computation given above the difference amounts to $1,891. A vigorous argument was made and many cases were cited to our attention. The determination of the issue, however, rests upon the construction of the statute, which is as follows:

"Section 72.01 A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation, except . . . ." (The exceptions are not material.)

Under the terms of the will, the legatee in the illustration has a right to have applied upon the payment of the tax on account of her legacy a sum sufficient to leave her the net amount of $50,000. This is a right which the courts recognize and which they will enforce against the executors. The right of the legatee to compel the application of a sum sufficient to pay the tax which would otherwise be assessable upon her legacy is certainly an interest in the transfer of property. It is a right recognized in law and enforced in practice; but it is argued that if the statute be so construed it results in a payment of a tax upon a tax. This is not strictly true. While it is true in the supposed case that $7,879 goes to the state and not to the legatee, it is equally true that a tax is reckoned upon the whole amount of a legacy, including that part of it necessary to pay the tax when the tax is not payable from the residue and is deducted from the legacy. There is no more a tax upon a tax in the one case than in the other. We are referred to cases in which rather complicated algebraic formulas have been used in the computation of the amount of the tax and it is urged that the legislature could not have contemplated such a

complex scheme of taxation. *Edwards v. Slocum,* 287 Fed. 651.

Whether the correct result is more easily arrived at by a mathematical formula than by ordinary arithmetical computation is a matter of no importance in determining what construction should be placed upon the language of the statute. We cannot escape the conclusion that the right of the legatee to receive his legacy free from the tax gives him an interest in the estate over, above, and beyond the legacy, which is a net amount of the gift really made to him and constitutes a transfer of an interest in the estate whether it consists of real, personal, or mixed property.

*By the Court.*—Order affirmed.

ESCHWEILER, J., dissents.