# IN RE ESTATE OF NANNIE (ALSO KNOWN AS ANNIE) L. BOWLIN.
## FRANK J. BOWLIN AND JOSEPHINE F. ROUTH, PETITIONERS.[1]

May 26, 1933.

No. 29,445.

*Ira C. Oehler,* for relators.

*Harry H. Peterson,* Attorney General, and *Harry W. Oehler,* Deputy Attorney General, for the state.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Edwin B. Baer,* amici curiae, filed a brief in behalf of the contention of relators.

[1]Reported in 248 N. W. 741.

*LORING, Justice.*

This case comes here on a writ of certiorari to review the order of the probate court of Ramsey county determining the inheritance tax to be paid by the legatees of Nannie L. Bowlin, who died testate July 5, 1931. The relators are her brother and sister, who were the residuary legatees under her will. Bequests totaling $153,460 were made to 40 persons other than the relators, with the direction that the inheritance tax be paid out of the estate. Certain specific bequests appraised at $98,525.44 were made to the relators, but the tax thereon is not here involved. The personal property the tax upon which is here in question consisted almost entirely of stocks and bonds and was appraised at $227,574.49. In the process of administration, to effect the purposes of the will, it sold for $192,349.10, a loss of $35,225.39. The homestead was appraised at $16,640, but with that and the automobile we are not concerned. The inheritance taxes on the 40 bequests as calculated below aggregated $5,288.89, and the probate court included that sum and the $35,225.39 with the rest and residue of the estate for taxation as against these relators. They claim that these items should be deducted, and that is the question presented by this appeal.

█ When a bequest like those made to the 40 beneficiaries first above mentioned is accompanied by a direction that inheritance taxes be paid out of the residue of the estate, it is in effect a bequest in the stated sum plus an amount sufficient to pay the tax properly chargeable to the entire bequest when so calculated. When the tax is computed upon the sum so arrived at and deducted therefrom, the remainder is the amount of the legacy which by the terms of the will is to be received by the legatee free from the tax.

This question was before the supreme court of Wisconsin in In re Estate of Levalley, 191 Wis. 356, 210 N. W. 941. The rule there applied to taxation of bequests of this character was to increase the amount of each pecuniary bequest to such a sum that when the state inheritance tax was computed thereon and deducted therefrom the remainder was the amount of the legacy named in the will exclusive of the tax. The Wisconsin inheritance tax law, as far as

applicable to this discussion, is identical with ours. The court there said [191 Wis. 358]:

"Under the terms of the will, the legatee in the illustration has a right to have applied upon the payment of the tax on account of her legacy a sum sufficient to leave her the net amount of $50,000. This is a right which the courts recognize and which they will enforce against the executors. The right of the legatee to compel the application of a sum sufficient to pay the tax which would otherwise be assessable upon her legacy is certainly an interest in the transfer of property.   *   *   *

"We cannot escape the conclusion that the right of the legatee to receive his legacy free from the tax gives him an interest in the estate over, above, and beyond the legacy, which is a net amount of the gift really made to him and constitutes a transfer of an interest in the estate whether it consists of real, personal, or mixed property."

Applying the Wisconsin rule to the case at bar would increase the amount of the tax on the 40 bequests, but the tax would not be included in the aggregate of the rest and residue of the estate, the tax upon which has been included as a charge against the relators. We think the logic of the rule is sound and should be adopted in computing the inheritance tax in this state in like cases. A like rule was applied to income taxes by the Supreme Court of the United States in Old Colony Tr. Co. v. Commr. of Internal Revenue, 279 U. S. 716, 729, 49 S. Ct. 499, 73 L. ed. 918, 927.

■ We now pass to the question of the shrinkage in the value of the personal property sold in the course of administration in order to pay the specific bequests provided for in the will. It is contended by the relators that this was an expense of administration and properly deductible from the total sum with which the residuary legatees are chargeable for inheritance tax purposes, and that they should as to this class of inheritance be charged only with the value of such property as they actually receive. With this contention we agree. Our inheritance tax is a tax upon the succession

and has frequently been held to be a tax upon what in fact is received by the beneficiary. In re Estate of Thorson, 150 Minn. 464, 185 N. W. 508; State ex rel. Gage v. Probate Court, 112 Minn. 279, 128 N. W. 18; State ex rel. Smith v. Probate Court, 139 Minn. 210, 166 N. W. 125; State ex rel. Hilton v. Probate Court, 143 Minn. 77, 172 N. W. 902; see also Blodgett v. Bridgeport C. T. Co. 115 Conn. 127, 161 A. 83.

The supreme court of the state of Washington in the case of In re Ferguson's Estate, 113 Wash. 598, 194 P. 771, 13 A. L. R. 122, had a like question before it and held that the shrinkage in the value of property sold during the process of administration was properly deductible as an expense thereof and not taxable as an inheritance to the residuary legatee. In that case real property was sold, whereas in the case at bar personal property which passes to the executor rather than to the heir is involved. The court there held that the amount actually received by the residuary legatee should be the basis for the tax. That court made an exhaustive study of the authorities, and we consider that its conclusion is logical. It recognized the distinction to be drawn between cases where property of the estate at the time of the appraisement is the property which ultimately is distributed and those cases where, in the settlement of an estate, the character of the property is changed. This rule does not result in the glaring injustice which would arise from the collection of the tax based upon the appraised valuation, where during the course of administration it has been necessary properly to dispose of property at less than the appraised value in order to effect the purposes of the testator and of the law. The rule contended for by the state might frequently under present conditions impose upon the residuary legatees an inheritance tax in excess of the value of what they receive. Such a result amounts to an absurdity, not within the contemplation of the legislature. We are of the opinion that the loss should be deducted from the value of the property taxed as against these relators.

The determination of the tax as to the two items mentioned is reversed and the case remanded to the probate court for further

200

proceedings in accordance with the views expressed in this opinion.
Reversed.

*HILTON, Justice,* took no part.