The Diocese of Olympia, Inc., filed a petition in the estate of Sophia E. Henry during the period of probation, in which it was sought to restrain the executors of Mrs. Henry's estate from paying, and the supervisor of inheritance tax and escheat division of the state from collecting, an inheritance tax.
Mrs. Henry died testate in Seattle, this state, May 9, 1935, being at the time of her death a resident of this state. By the terms of her will, the National Bank of Commerce and H. Allen Kurtzman were named executors, and, upon the admission of the will to probate, they qualified as such.
Prior to her death, Mrs. Henry entered into a certain trust agreement, dated November 18, 1932, and *Page 512 
supplemented this by a later agreement, dated December 12, 1934.
The will provided that any and all inheritance taxes and estate taxes which might be levied against or charged to any legatee or devisee, should be paid out of the estate by the executors, and that the bequests and devises should not be reduced by reason of the taxes. After making a number of specific bequests, the testatrix devised the rest, residue and remainder of the estate to the National Bank of Commerce, of Seattle, as trustee under the above mentioned trust agreements. The effect of the provision requiring the executors to pay the taxes would be to reduce the amount to the residuary legatees.
To the petition, a demurrer was interposed and sustained. The petitioner refused to plead further, and elected to stand upon the petition. A judgment was entered dismissing the petition, from which the appeal is taken. Anything that happened with reference to the matter after the demurrer had been sustained and the petition dismissed is of no consequence, as there was not at that time anything before the court.
Two questions are presented, which will be considered in the inverse order from that in which they appear in the appellant's brief. The first question for determination is whether Rem. Rev. Stat. (Sup.), § 11202 [P.C. § 7030-166], being a portion of the revenue act of 1935, is unconstitutional, for the reason that it violates the fourteenth amendment to the Federal constitution, and especially that portion thereof which says that no state shall make or enforce any law which shall deny to any person within this jurisdiction the equal protection of the laws.
Rem. Rev. Stat., § 11202 [P.C. § 7053], as amended by § 106, chapter 180, Laws of 1935, p. 770, provides: *Page 513 
"Sec. 2. An inheritance tax shall be imposed on all estates subject to this act and other inheritance tax acts of the State of Washington, at the following rates:
"Class A. Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or stepchild, or any lineal descendant of the deceased is hereby denominated as class A. On any amount passing to class A in excess of $10,000 up to and including $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $500,000, 10%;
"Class B. Any devise, bequest, legacy, gift, or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any sister or brother is denominated class B. On any amount passing to class B in excess of $1,000 up to and including $5,000, 3%; on any amount in excess of $5,000 up to and including $10,000, 4%; on any amount in excess of $10,000 up to and including $30,000, 7%; on any amount in excess of $30,000 up to and including $50,000, 10%; on any amount in excess of $50,000 up to and including $100,000, 15%; on any amount in excess of $100,000, 20%;
"Class C. Any inheritance, devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any person or body politic or corporate other than mentioned in class A and class B herein, is hereby denominated class C.
"On any amount passing to class C up to and including $10,000, 10%; on any amount in excess of $10,000 up to and including $25,000, 15%; on any amount in excess of $25,000 up to and including $50,000, 20%; on any amount above $50,000, 25%.
"The taxes imposed and the exemption with respect *Page 514 
to each class of beneficiaries shall be apportioned between the beneficiaries in such class in proportion to the amount receivable by such beneficiary." (Rem. Rev. Stat. (Sup.), § 11202 [P.C. § 7030-166].)
It will be observed that the first sentence of the section provides that an inheritance tax shall be imposed on "all estates" subject to this act and other inheritance tax laws of the state of Washington. After making provisions for three classes, the section concludes with the declaration that the taxes imposed and the exemption with respect to each class of beneficiaries shall be apportioned between the beneficiaries in each class in proportion to the amount receivable by each beneficiary.
Class A provides that any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or stepchild, or any lineal descendent shall be denominated class A. In this class, there is exempt from the tax $10,000, and then as the sums advance, the rate goes up. The same is true of class B, except that there the exemptions are less and the rates are higher. When we reach class C, there are no exemptions, and the rate is further advanced. The petitioner, and the appellant in this case, falls under class C.
The contention appears to be that there is a discrimination because, if a father dies, leaving $10,000 and one son, there would be no tax, but, if another father dies, leaving an estate of $25,000 and three sons, each of whom get one-third of the estate, in such a case there would be a tax levied upon the $5,000 portion which each son received, above the exemption.
[1] Prior to the act of 1935, the inheritance taxes were payable on the right of the heir or legatee to receive. *Page 515 
That act, however, embodied, not only that feature, but a tax upon the estate. The tax upon the estate is based upon the legal power to transmit at death, and the inheritance tax is on the privilege of succession. In re Ferguson's Estate, 113 Wn. 598,194 P. 771, 13 A.L.R. 122; In re Fotheringham's Estate,183 Wn. 579, 49 P.2d 480. There is no constitutional objection to embodying in the same statute provisions with reference to any inheritance tax, and also an estate tax. Statev. Eldodt, 33 N.M. 347, 267 P. 55; Stebbins v. Riley,268 U.S. 137, 45 S.Ct. 424, 44 A.L.R. 1454.
[2] We now come to the precise question of whether the fact that the one son, when the estate is $10,000, pays no tax upon it and the three sons, in an estate of $25,000, each receiving less than the one son, pay a tax, makes the law unconstitutional, in that it denies equal protection of the laws, as guaranteed by the fourteenth amendment to the Federal constitution. This precise question was before the supreme court of Oregon in the case ofIn re Heck's Estate, 120 Ore. 80, 250 P. 735, and there, after a thorough review of the authorities, the court concluded:
"In view of the authorities above cited, it is clear that the statute does not conflict with the state constitutional provisions requiring uniformity and equality in taxation, nor does it offend against the Fourteenth Amendment of the federal Constitution. All beneficiaries, to whom the same factors apply, pay the same tax. It cannot, therefore, be said that they are the objects of hostile and arbitrary legislation. They are equal before the law."
The supreme court of Connecticut, in the case of Curtis v.Corbin, 93 Conn. 648, 107 A. 506, made this observation:
"If it is a hardship that the small taker pays his percentage, while the taker of a large amount pays no *Page 516 
greater percentage, such hardship is due to the act of the testator in giving much to one and little to another, and in no way is chargeable to the statute."
See, also, State ex rel. Thomason v. Branham, 143 Tenn. 292,228 S.W. 58; Magoun v. Illinois Trust Savings Bank,170 U.S. 283, 18 S.Ct. 594.
Our attention is especially directed by the appellant to the case of Black v. State, 113 Wis. 205, 89 N.W. 522, 90 Am. St. 853, which was decided February 18, 1902. It will be admitted that that case does, in a measure, support the appellant's position; but it was before this court in State v. Clark,30 Wn. 439, 71 P. 20, and was not followed, but distinguished. Likewise, the supreme court of Connecticut, in Nettleton'sAppeal, 76 Conn. 235, 56 A. 565, referring to the Wisconsin case, said:
"The court was clearly influenced, not only in its decision of the points involved but also in the collateral discussion, by a provision in the Wisconsin Constitution commanding the legislature to so exercise its granted power of taxation that all taxation should be uniform and equal; a provision which to this extent subjected the legislative discretion to judicial control."
It may be observed that the Wisconsin case was decided many years ago when inheritance tax laws in this country may be said to have been in their infancy. During the intervening period of approximately thirty-five years, there has been much legislation and frequent judicial decisions. So far as we are informed, no other court has followed the Wisconsin court in its entirety.
The recent case of Binney v. Long, 299 U.S. 280,57 S.Ct. 206, does not bear upon the precise question which we are here considering.
We conclude that the section of the revenue act of 1935, above referred to, does not offend against the *Page 517 
equal protection of the fourteenth amendment to the Federal constitution.
[3] The next question is the basis upon which the tax is to be figured. The appellant says that, while it is paid by the estate, it should be figured upon the amount of the specified legacy. The respondent says that the tax should be figured upon a sum which, when added to the specified legacy and the tax taken off, will leave a balance which is the amount of the legacy provided for. The will in this case, as already indicated, provides that:
"I hereby direct that any and all inheritance and estate taxes which may be levied against or charged to any legatee or devisee named in this will shall be paid out of my estate by my executors and that bequests and or devises be not reduced by any such taxes."
In In re Bowlin's Estate, 189 Minn. 196, 248 N.W. 741, upon this question it is said:
"When a bequest like those made to the 40 beneficiaries first above mentioned is accompanied by a direction that inheritance taxes be paid out of the residue of the estate, it is in effect a bequest in the stated sum plus an amount sufficient to pay the tax properly chargeable to the entire bequest when so calculated. When the tax is computed upon the sum so arrived at and deducted therefrom, the remainder is the amount of the legacy which by the terms of the will is to be received by the legatee free from the tax."
In In re Levalley's Estate, 191 Wis. 356, 210 N.W. 941, it is said:
"We cannot escape the conclusion that the right of the legatee to receive his legacy free from the tax gives him an interest in the estate over, above, and beyond the legacy which is a net amount of the gift really made to him and constitutes a transfer of an interest in the estate whether it consists of real, personal, or mixed property." *Page 518 
So far as we are informed, there are no cases to the contrary, and, as we view it, those cited state the correct rule.
The judgment of dismissal will be affirmed.
STEINERT, C.J., TOLMAN, HOLCOMB, BEALS, MILLARD, BLAKE, and GERAGHTY, JJ., concur.