JOHN H. BOUSE, Register, *v.* LOUIS HUTZLER, Executor, Etc.

[No. 42, April Term, 1942.]

*Decided June 17, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Hall Hammond, Deputy Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the appellant.

*Edwin J. Wolf,* with whom was *Harry B. Wolf, Jr.,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

John H. Bouse, Register of Wills for Baltimore City, appellant, claims that Louis S. Hutzler, executor of the estate of Sarah S. Mandelbaum, deceased, owes a balance of $1,082.37 for collateral inheritance taxes on the transfer of legacies from this estate.

Mrs. Mandelbaum died on August 4, 1937. Her will bequeathed specific legacies amounting to $213,800, and directed that collateral inheritance taxes should not be deducted therefrom but should be paid out of the residue of the estate. It appears that the defendant has paid $17,936.65 on account of collateral inheritance taxes. The Superior Court of Baltimore City held that he has paid all that is lawfully collectible. From a judgment for the defendant, the Register of Wills brings this appeal.

Collateral inheritance taxes have been imposed in Maryland since 1845. In that year the Legislature imposed a tax of 2½ per cent. on every $100 of the clear value of property passing from a decedent to any person "other than to or for the use of the father, mother, wife, children, and lineal descendants." Acts of 1844, Chap. 237. In 1850 the Supreme Court of the United States held that a State possesses the power to regulate the manner and terms upon which property within its dominion may be transferred by will or by inheritance, and that a law imposing a tax on legacies does not violate the Federal Constitution. *Mager v. Grima,* 8 How. 490, 12 L. Ed. 1168. In 1868 the Court of Appeals found that the Maryland Act did not violate the Constitution of the State. *Tyson v. State,* 28 Md. 577.

The present Act, passed by the Legislature at the special session of 1936, imposes a tax of 7½ per cent. on "every one hundred dollars of the clear value of any and all property, having a taxable situs in this State, passing at the death of any resident or non-resident decedent, in trust or otherwise, to or for the use of any person or persons, other than the father, mother, husband, wife, children or lineal descendants of such decedent." Acts of 1936 (Sp. Sess.), Chap. 124; Code, 1939, Art. 81, Sec. 110.

The Maryland inheritance tax, like the Federal estate tax, is not a tax on the decedent's property itself, but a tax on its transfer. But there is a fundamental difference between the two schemes of taxation. The Federal

estate tax is a tax on the transfer or, rather than the succession to, the property of the decedent, and is payable out of the corpus of the estate and not out of legacies as such. *Hepburn v. Winthrop,* 65 App. D. C. 309, 83 F. 2d 566, 105 *A. L. R.* 310; *United States v. Woodward,* 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131. The Maryland inheritance tax is imposed on the privilege of becoming a beneficiary under a will or of succeeding to an inheritance. *State v. Dalrymple,* 70 Md. 294, 17 A. 82, 3 *L. R. A.* 372; *Washington County Hospital Association v. Mealey's Estate,* 121 Md. 274, 88 A. 136, 140, 48 *L. R. A. (N. S.)* 373, *Ann. Cas.* 1915B, 1050; *Good Samaritan Hospital v. Dugan,* 146 Md. 374, 126 A. 85; *Bouse v. Hull,* 168 Md. 1, 176 A. 645; *Rosenburg v. Bouse,* 172 Md. 530, 192 A. 323; 28 *Am. Jur., Inheritance, Estate Succession and Gift Taxes,* Secs. 278, 279, 280.

Under the Maryland statute, the executor, administrator, or other person making distribution is charged with the payment of inheritance taxes to the Register of Wills for the use of the State. Code, 1939, Art. 81, Sec. 112. However, since the tax is a charge against each distributive share according to its value, the executor, administrator or other person must pay the tax out of the legacy, devise or distributive share of the estate or with money collected from the legatee, devisee or heir. Of course, a testator has the right to direct that the tax be paid out of the residuary estate. In case he so directs, he thereby increases his gift to the legatee to the extent of the tax, for he is providing for the payment of an obligation which the legatee would have been obliged to pay if the testator had not directed otherwise. *General German Aged People's Home v. Johns Hopkins Hospital (Textor v. Textor),* 170 Md. 128, 130, 183 A. 247, 248. It is, therefore, an established rule that where a testator bequeathes a specific legacy and directs that the inheritance tax shall be paid from the residuary estate, the tax is calculated, not upon the specified amount alone, but upon the specified amount plus such an amount that, after the tax is calculated on

the total and deducted therefrom, the legatee will receive the specified amount free from tax. *In re Irwin's Estate,* 196 Cal. 366, 237 P. 1074, 1077; 51 *A. L. R.* 486; *In re Levalley's Estate,* 191 Wis. 356, 210 N. W. 941; *In re Bowlin's Estate,* 189 Minn. 196, 248 N. W. 741; *In re Henry's Estate,* 189 Wash. 510, 66 P. 2d 350; 61 *C. J., Taxation,* Sec. 2589.

We can see no reason to reject the rule uniformly adopted by the courts in other States. The Maryland statute imposes inheritance taxes on all property passing at the death of the decedent "to or for the use of any person or persons other than those excepted. therein. The statute expressly declares that the direct inheritance tax (Code, 1939, Art. 81, Sec. 109) and the collateral inheritance tax apply to "all tangible or intangible property" passing at the death of the decedent. Acts of 1936 (Sp. Sess.), Chap. 124; Acts of 1937, Chap 189; Code, 1939, Art. 81, Sec. 111. The expression "clear value" means net value after the payment of all debts and expenses of administration. Consequently, inheritance taxes are calculated upon the actual value of all property received. *Shelton v. Campbell,* 109 Tenn. 690, 72 S. W. 112; *Hamlen v. Martin,* 128 N. J. Eq. 393, 16 A. 2d 457. But it has been held that the word "property," when used without express or implied qualifications, may reasonably be construed to include obligations, rights and other intangibles as well as physical things. *Fidelity & Deposit Co. v. Arenz,* 290 U. S. 66, 54 S. Ct. 16, 78 L. Ed. 176. It is also recognized that economic gain may occur as a result of the payment of a taxpayer's indebtedness or relief from other liability. *Helvering v. Bruun,* 309 U. S. 461, 60 S. Ct. 631, 84 L. Ed. 864. We accordingly find that the value of the property bequeathed by Mrs. Mandelbaum to the specific legatees was $231,135.14, since that is the sum which, after $17,335.14 is deducted for payment of collateral taxes, yields $213,800 for the specific legatees.

The court below decided in favor of the defendant upon the presumption that his method of calculation was in accordance with the unvarying administrative practice. It appears, however, that the practice in this State has certainly not been uniform in the last generation. Indeed, utterly conflicting rulings on the question have been given to Registers of Wills by successive Attorneys General of the State. Nevertheless, even if there had been an unvarying practice, the Court of Appeals would not sanction a method of calculation which would tolerate an evasion of taxes payable to the treasury of the State. It is quite true that where the language of a satute is ambiguous and susceptible of two reasonable constructions, a long and unvarying administrative practice has a very persuasive influence, if not an entirely controlling effect, upon the judicial construction of the statute. But the rule of contemporaneous construction does not preclude an inquiry by the courts into the correctness of such a construction. Where the language is clear and explicit, and susceptible of a sensible construction, it cannot be controlled by extraneous considerations. No custom, however long and generally it has been followed by officials, can nullify the plain meaning and purpose of a statute. An administrative practice contrary to the plain language of a statute is a violation of the law; and a violation of the law, even though customary, does not repeal the law. Moreover, where there are several possible constructions, that construction which insures the most general and uniform remedy is preferred. *Alexander v. Worthington*, 5 Md. 471, 485; *Graham v. Joyce*, 151 Md. 298, 306, 134 A. 332; *Horton v. Horton*, 157 Md. 127, 145 A. 355; *Houghton v. Payne, Postmaster General*, 194 U. S. 88, 99, 24 S. Ct. 590, 593, 48 L. Ed. 888.

We think it would be an unreasonable construction of the Inheritance Tax Act to hold that it was within the intention of the Legislature to allow a person to avoid a part of the tax by simply declaring that the tax shall be paid out of the residue. Manifestly, we could not expect a residuary legatee to pay more than the statu-

tory rate of 7½ per cent. on his share to make up whatever deficit might result from such a calculation. Since the inheritance tax is imposed upon the transfer of property according to its value, the calculation should be made on the basis of the whole amount passing to recipients subject to the tax, so as to give full effect to the theory and purpose of the Act. *Safe Deposit & Trust Co. v. State,* 143 Md. 644, 646, 123 A. 50, 51, 32 A. L. R. 847, 848. Mrs. Mandelbaum left a net estate of $253,586.95 for distribution. Collateral inheritance taxes collectible thereon at the rate of 7½ per cent. amount to $19,019.02. As the executor paid $17,-936.65, he still owed a balance of $1,082.37.

Since the court is ordering the costs to be paid out of the estate, the residue will be reduced, and the inheritance tax on the residue will likewise be reduced. We are therefore remanding the case to the court below for the entry of a judgment in favor of the plaintiff for the amount found to be due according to this opinion.

*Judgment reversed, and case remanded, the costs to be paid out of the estate.*