46 N.J. Super. 216 (1957)
134 A.2d 505
EDGAR A. NEWBERRY, ALICE M. NEWBERRY, AND JOHN J. NEWBERRY, JR., EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN J. NEWBERRY, DECEASED, APPELLANTS,
v.
AARON K. NEELD, DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.
IN THE MATTER OF THE TRANSFER INHERITANCE TAX ASSESSMENT IN THE ESTATE OF JOHN J. NEWBERRY, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued August 5, 1957.
Decided August 27, 1957.
*217 Before Judges CLAPP, DAVIDSON and SULLIVAN.
Mr. Thomas L. Zimmerman argued the cause for appellants.
Mr. Joseph A. Jansen, Deputy Attorney-General, argued the cause for respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney).
*218 The opinion of the court was delivered by SULLIVAN, J.S.C. (temporarily assigned).
Plaintiffs, executors of the estate of John J. Newberry, deceased, appeal from a transfer inheritance tax assessment in the estate of John J. Newberry, deceased, made by the Transfer Inheritance Tax Bureau of the Division of Taxation.
So far as this appeal is concerned, the will of the decedent established a trust of the residuary estate, and after providing for an annuity to a sister of his former wife, stated that, "The balance of the income shall be paid to my wife, Alice Malloy Newberry, during her life." It is from a determination of the taxable value of the widow's life estate that this appeal is taken. Actually the dispute is not on the valuation as such, but rather over the method of computing the value.
The Director of Taxation found that the residuary estate was of a value of $1,924,671.06 and that the commuted value of the life estate of the widow therein under the statutory formula was $709,200.56. In computing the value of the widow's life estate as aforesaid, the Director of Taxation did not deduct from the residuary estate of $1,924,671.06 the tentative federal estate tax paid in the sum of $402,439.17. The appellants-executors claim that the proper method of computing the value of the widow's life estate should have been to deduct from the residuary estate of $1,924,671.06 a sum equal to the federal estate taxes paid of $402,439.17. Using the figure of $1,522,231.89 as a base instead of $1,924,671.06, the commuted value of the widow's life estate under the formula would be $558,754.31 instead of $709,200.56. Then, according to appellants-executors, a sum equal to the amount of the federal estate tax paid should be added to the remainder of the residuary estate, and the balance of the transfer inheritance tax computed thereon. Only in that way, say appellants, will the inheritance tax burden rest on the proper parties. It is conceded that the appellants-executors' method of computation would result in a lower transfer inheritance tax on the entire residuary estate by approximately $16,000. The reason for this is *219 that the benefit accruing to the decedent's widow reaches a tax bracket of 13%, whereas the remainder of the residuary estate is taxed at a much lower rate. The shifting, therefore, of $402,439.17 results in a substantially lower tax.
Appellants-executors in their brief rested their principal argument on paragraph Eighth of decedent's will.
"Eighth: I direct the payment of all inheritance, estate or transfer taxes which may be due upon my estate or my shares given, devised and bequeathed herein, or which may be payable by reason of my death, shall be paid out of my general estate so that each legatee, devisee, life beneficiary or beneficiary, whether under any trust that I may have created during my life or under any insurance policies, shall receive his or her share free from any inheritance, transfer or estate taxes thereon."
In substance, appellants make the point in their brief that the decedent specifically directed that each life beneficiary should receive his or her share free from any inheritance, transfer or estate taxes thereon, so that in valuing the life estate of the widow, the amount of federal estate taxes paid should be deducted from the net taxable estate. To do otherwise, according to appellants, "would expressly violate the direction of the testator that the life beneficiary should receive her interest free of estate or inheritance taxes."
There is no substance whatever in this argument. Inheritance taxes are assessed according to statute. A provision in a will relating to the payment of estate and inheritance taxes has no effect whatever on the assessment of the tax or the amount thereof. A decedent can, in his will, designate the fund from which death taxes are to be paid, but such provision cannot alter or vary the amount of the tax. 85 C.J.S. Taxation § 1168, p. 1002.
In his oral argument, counsel for the appellants conceded that paragraph Eighth of the will could not change the amount of the tax. He made the point however that this clause was really a restatement of the well recognized law that the federal estate tax is to be paid out of the residuary estate. Turner v. Cole, 118 N.J. Eq. 497 (E. & A. 1955); Morristown Trust Co. v. Childs, 128 N.J. Eq. 524 (Ch. *220 1940); In re Gardner, 35 N.J. Super. 163 (App. Div. 1955); Morristown Trust Co. v. McCann, 19 N.J. 568 (1955). His argument went that since the residuary estate is liable for the federal estate tax which is payable before distribution, the amount of the federal estate tax should be deducted from the residuary estate before valuing the life estate of the widow.
Appellants' whole argument, therefore, reduces itself to the proposition of whether or not the Director of Taxation properly assessed the transfer inheritance tax on decedent's residuary estate in accordance with the statute. (Chapters 33 to 36 of Title 54 of the Revised Statutes of 1937 (R.S. 54:33-1 et seq.). We find that he did. The tax is upon the clear market value of the property transferred. In determining such value, the statute, R.S. 54:34-5, enumerates the allowable deductions, and in paragraph 5(e) (R.S. 54:34-5(e)), specifies that the federal estate tax shall not be allowed as a deduction.
The method of computation urged by appellants requires that the commuted value of the widow's life estate in the residue be calculated on the net residuary estate, after deducting the federal estate tax. This method would clearly be contrary to the statute even though, as appellants urge, the amount of the federal estate tax is thereafter added back into the residuary estate for the purpose of calculating the inheritance tax on the remainder of the residuary estate.
It appears from the letter of the Transfer Inheritance Tax Bureau dated January 21, 1957 (Schedule E, annexed to stipulation of the record), that for many years the Bureau had interpreted the provision of the inheritance tax law prohibiting the deduction of the federal estate tax in determining the clear market value of the property transferred, as applying not only to the estate as a whole, but to any part thereof passing to any beneficiary, and that assessments have been levied for many years pursuant to that construction.
Administrative interpretation of a statute over a long period of time is entitled to respect and will not be lightly disturbed by the courts. Lane v. Holderman, 40 N.J. Super. *221 329 (App. Div. 1956); Eskridge v. Division of Alcoholic Beverage Control, 30 N.J. Super. 472 (App. Div. 1954); Harper v. New Jersey Mfrs. Cas. Ins. Co., 1 N.J. 93 (1948); Kravis v. Hock, 137 N.J.L. 252 (1948). We may add that, in this particular instance, we find the Bureau's interpretation to be clearly correct. Assessment affirmed.