REGAN, Judge.
This is an appeal by Mrs. Gertrudella Hoffmire Lengsfield, the testamentary executrix of the Succession of Mrs. Gertrude Hoffmire Anderson, and also by The Roman Catholic Church of the Archdiocese of New Orleans, the residuary legatee, from a judgment fixing the inheritance tax due by three legatees to the State of Louisiana.
In her last will and testament, the tes-tratrix instructed her executrix to pay from the residuum the Louisiana inheritance tax due by three of her legatees, namely, Lulu Hoffmire, Colenzo Hoffmire and Mary Jane Hoffmire. In effect, she relieved them of their obligation to pay the tax due thereon.
The executrix then computed the tax due by each legatee, basing her computation on the amount each would actually receive. When payment of the taxes was tendered to the State Inheritance Tax Collector, he insisted that the amounts therefor were insufficient.
The collector adopted the position that a tax was due, not only on the amount of the tax-free bequest, but also on the amount of the taxes which were to be paid on behalf of each legatee.
The executrix then filed a rule to fix the inheritance taxes and the trial judge reasoned that the payment of taxes on behalf of the legatees was an additional bequest, which was also subject to taxation. Accordingly, he rendered a judgment decreeing that an additional $1,873.00[1] in taxes was due to the State of Louisiana.
The residuary legatee, who is tax exempt, has appealed for the obvious reason that the additional tax assessment will reduce the value of its legacy.
The appellants argue that an inheritance tax is a tax on the transmission of funds from the decedent to his legatees; therefore, it should be levied only on the amount actually transferred. They contend that the tax collector now is endeavoring to impose a tax on taxes.
The interesting question which this appeal has posed for our consideration has never been at issue in Louisiana; however, it has been passed upon in other jurisdictions, the courts of which have uniformly pronounced that the taxes paid on a tax-free bequest constitute an additional gift, which is also subject to an inheritance tax.
In Bouse v. Hutzler,[2] which emanates from the Maryland Court of Appeals, the organ thereof in considering a similar statute and similar facts reasoned that:
“Under the Maryland statute, the executor, administrator, or other person making a distribution is charged with the payment of inheritance taxes to the Register of Wills for the use of the State. Code, art. 81, sec. 112. However, since the. tax is a charge against each distributive share according to its value, the executor, administrator or other person must pay the tax out of the legacy, devise, or. distributive share of the estate or with money collected from the legatee, devisee, or heir. Of course, a testator has the right to direct that the tax be paid out of the residuary estate. In case he so directs, he thereby increases his gift to the legatee to the extent of the tax, for he is providing for the payment of an obligation which the legatee would have been obliged to pay if the testator had not directed otherwise. *876 General German Aged People’s Home v. Johns Hopkins Hospital (Textor v. Textor), 170 Md. 128, 130, 183 A. 247, 248. It is therefore an established rule that where a testator bequeaths a specific legacy and directs that the inheritance tax shall be paid from the residuary estate, the tax is calculated, not upon the specified amount alone, but upon the specified amount plus such an amount that, after the tax is calculated on the total and deducted therefrom, the legatee will receive the specified amount free from tax. In re Irwin’s Estate, 196 Cal. 366, 237 P. 1074, 1077; 51 A.L.R. 486; In re Levalley’s Estate, 191 Wis. 356, 210 N.W. 941; In re Bowlin’s Estate, 189 Minn. 196, 248 N.W. 741; In re Henry’s Estate, 189 Wash. 510, 66 P.2d 350; 61 C.J., Taxation, sec. 2589.”
The executrix’s counsel, in brief, poses the following argument in support of her position:
“Suppose again that the legatee says, ‘I’ll pay my own tax despite the provision in the will that the executrix pays it.’ Would not then the legatee pay only the tax on the original amount of his legacy?
“In each of these instances a different amount would be tendered to the State of Louisiana on a legacy of the same amount merely because of who was tendering payment.”
We agree with counsel that if the legatee decided to pay his own tax, it should be levied on the amount of the legacy; however, if he elects to pay his own tax, he is actually refusing to accept a second bequest, namely the amount of the taxes. Thus he could not be subjected to taxation of a legacy which he had rejected.
Therefore, we are of the opinion that the payment of taxes by the estate is an additional bequest, subject to taxation, which should be paid by the executrix from the residuum of the estate. We are convinced that the testatrix explicitly intended to transfer a net amount to the legatees tax-free by instructing her executrix to pay inheritance taxes on all bequests,[3] consequently the additional tax liability must be paid from the residuum of the estate.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The litigants all agree that if additional taxes were due on the tax to be paid, this figure is correct.

. 180 Md. 682, 26 A.2d 767, 141 A.L.R. 843.

. The pertinent portion of the will provides :
“ * * * and I particularly instruct my Executrix to pay the inheritance taxes due to the State of Louisiana on each of the bequests which are contained in this will, and which would in the absence of this instruction be paid by the particular beneficiary of each legacy.”