**In the Matter of the**
**ESTATE OF CHARLES REDFIELD VOSE**
**(also known as C.R. Vose), Deceased**

Probate No. 20-1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 24, 1966

*See, also, 256 F.Supp. 558*

BAILEY and WOOD (WILLIAM BAILEY, ESQ., of counsel), St. Thomas, Virgin Islands, *for Executor*

ALMERIC CHRISTIAN, United States Attorney, St. Thomas, Virgin Islands, *for Government*

GORDON, *District Judge*

### MEMORANDUM OPINION

The Executor and the Government have petitioned this Court in a hearing held May 4, 1966, with respect to the tax base to which the Virgin Islands Stamp Tax on inheritance is to apply. The attorney for the executor appeared by Attorneys Bailey and Wood by Attorney William Bailey; the Government appeared by the U.S. Attorney Almeric Christian. Arguments of both counsel were heard and the Court took the matter under advisement that day.

### I

Issue: Where the will provides that the executor shall pay all taxes, shall the stamp tax be computed upon a sum which includes the inheritance tax or shall the inheritance tax be deducted from the base before the stamp tax computation.

### II

The pertinent Virgin Islands Code sections are under Title 33 and are set forth below:

§ 121. "All documents . . . mentioned in this chapter are . . . subject to stamp tax according to their contents and value."

§ 123. "The taxes for the stamped paper belonging to the three

general classes are to be calculated as follows: (1) for the first class 1% on the value of the object. . . ."

§ 184. (a) "When testamentary provisions, contained in testaments alone or in testaments in connection with codicils, come into force after the death of the testator, they are to be provided with first class stamp tax according to the value of that, which according to said provisions is transmitted by inheritance, so that the amount which according to law should have descended to each of the testamentary heirs or legatees, is to be deducted in calculating the tax."

§ 184. (d) "The prescribed stamp, used at the execution of a testament in a codicil, is not to be deducted at the ad valorum tax. The confirmation of the will does not exempt from the stamp tax to be paid when the testament comes into force."

§ 185. Every testamentary heir or legatee shall, except when express provision is made to the contrary in the testament, pay his share of the stamp tax on the testament in proportion to what is conferred upon him beyond the inheritance, due him according to law. When private division of an inheritance takes place, all the heirs must, however, vouch jointly and separately for the whole stamp tax, which is to be calculated on the valuation, given by the heirs within a year and a day after the death, unless the Commissioner of Finance should grant a longer delay owing to special circumstances. . . ."

It would be beneficial in analyzing the issue before us to determine what is meant in the law by "inheritance" (especially in situations where a will provides that the estate is to pay the inheritance tax). In the case of Bouse v. Hutzler, 180 Md. 683, 26 A.2d 767 (1942) the testatrix bequeathed certain legacies and directed that the inheritance tax should not be deducted from the legacies but rather be paid out of the residue. The Maryland statute involved, imposed a tax upon ". . . the clear value of property passing from a decedent to any other person . . . ." The Court in that case said:

"The Maryland inheritance tax, like the Federal estate tax, is not a tax on the decedent's property itself, but a tax on its transfer. . . . The Maryland inheritance tax is imposed on the privilege

393

of becoming a beneficiary under a will or of succeeding to an inheritance. . . . a testator has the right to direct that the tax be paid out of the residuary estate. In case he so directs, he thereby increases his gift to the legatee to the extent of the tax, for he is providing for the payment of an obligation which the legatee would have been obliged to pay if the testator had not directed otherwise. General German Aged People's Home v. Johns Hopkins Hospital (Textor v. Textor), 170 Md. 128, 130, 183 A. 247, 248. It is therefore an established rule that where a testator bequeathes a specific legacy and directs that the inheritance tax shall be paid from the residuary estate, the tax is calculated, not upon the specified amount alone, but upon the specified amount plus such an amount that, after the tax is calculated on the total and deducted therefrom, the legatee will receive the specified amount free from tax.";

and cited In re Irwin's Estate, 196 Ca. 366, 237 P. 1074; 51 A.L.R. 486; In re Levalley's Estate, 191 Wis. 356, 210 N.W. 941; In re Bowlin's Estate, 189 Minn. 196, 248 N.W. 741; In re Henry's Estate, 189 Wash. 510, 66 P.2d 350; 61 C.J., Taxation, sec. 2589. The Court went on to say:

". . . the Court of Appeals would not sanction a method of calculation which would tolerate an evasion of taxes payable to the treasury of the State. . . . We think it would be an unreasonable construction of the Inheritance Tax Act to hold that it was within the intention of the Legislature to allow a person to avoid a part of the tax by simply declaring that the tax shall be paid out of the residue. . . . the calculation should be made on the basis of the whole amount passing to recipients subject to the tax, so as to give full effect to the theory and purpose of the Act. . . ."

Another leading case is that of In re Irwin's Estate (1925) 196 Cal. 366, 237 P. 1074. In that case the will left a sum to a legatee free and clear of all inheritance taxes, which taxes the will directed to be paid from the residue of the estate. The Court in that case said:

"The actual value of the property therefore transferred to Charles Templeton Crocker by paragraph 5 of the will was not the sum of $100,000 but the sum of $100,000 plus an amount sufficient to permit him to take the $100,000 free from all liability for the

inheritance tax, or a total of $107,602.27. That is to say, the amount bequeathed to him by the will was such an amount as would net $100,000 after the payment of the inheritance tax thereon. In short, by making the payment of the tax payable out of the residue of the estate, the legatee was bequeathed an additional amount sufficient to pay the tax and the tax upon the tax ad infinitum. The amount which the residuary legatee actually received was the residuum after the payment of the inheritance tax upon the bequest of $100,000. It is necessary that the tax upon the distributive interest passed to the residuary legatee be computed, not upon the residue before the payment of the inheritance tax upon the bequest, but upon the residue after the payment of the tax. . . ."

The definition is dealt with in 28 Am.Jur. § 352 which says: (Italics provided.)

"The practical effect of a testamentary provision freeing a bequest, etc., from the burden of an inheritance tax which would otherwise fall upon such bequest is to make an additional bequest which is subject to tax. The total gift is described as the amount of the tax-free gift plus such an amount that when the tax on the whole is computed and deducted from the whole, the tax-free gift is the remainder. It would be an unreasonable construction of a statute imposing an inheritance tax upon the clear value of property passing at death to allow a person to avoid a part of the tax by simply declaring that the tax shall be paid out of the residue. Since the inheritance tax is imposed upon the transfer of property according to its value, the calculation should be made on the basis of the whole amount passing to recipients subject to the tax, so as to give full effect to the theory and purpose of the act.

If local law does not permit deduction of the federal estate tax, the fact that the testator imposes the burden of such tax upon a residuary or other bequest cannot be deemed to reduce the value of such bequest for inheritance tax purposes. *Similarly, a testator by providing that legacies and devises shall be free of succession and other taxes which shall be paid as part of the expenses of administration cannot render such taxes deductible in computing the inheritance tax.*"

37 A.L.R.2d 95 says in § 23:

"As noted supra, § 2, where a gift normally is subject to taxation but it is given free of tax, the result of the provision that the gift is tax-free is to increase the gift.

If there is a legacy or gift free of inheritance tax, the sum normally due as the tax on the legacy or gift is itself a gift which is subject to tax; and there are further taxes on the gifts of tax. The total gift is described as the amount of the tax-free gift plus such an amount that, when the tax on the whole is computed and deducted from the whole, the tax-free gift is the remainder.

California—Re Irwin's Estate (1925) 196 Cal. 366, 237 P. 1074 (discussed in 51 A.L.R. 486).

Maryland—Bouse v. Hutzler (1942) 180 Md. 682, 26 A.2d 767, 141 A.L.R. 843.

Minnesota—Re Bowlin's Estate (1933) 189 Minn. 196, 248 N.W. 741.

Washington—Re Henry's Estate (1937) 189 Wash. 510, 66 P.2d 350, app. dism. 302 U.S. 637, 82 L.Ed. 496, 58 S.Ct. 37, reh. den. 302 U.S. 775, 82 L.Ed. 600, 58 S.Ct. 135.

Wisconsin—Re Levalley's Estate (1926) 191 Wis. 356, 210 N.W. 941.

England—Re King (1942) Ch. 413, (1942) 2 All Eng. 182 (devise and bequest free of estate, succession, and legacy duties).

In Re Levalley's Estate (1926) 191 Wis. 356, 210 N.W. 941, the testator provided for a large number of pecuniary bequests and gave the residue in trust for the benefit of charities, with a direction that inheritance and estate taxes be paid out of the residue; and the residue was not taxable. The court held that the legacies must be increased to such a sum that when the inheritance tax was computed on the whole and deducted, the remainder would be the tax-free legacy."

See also Newberry v. Neeld (1957) 46 N.J. Super 216, 134 A.2d 505 and In re Estate of Comings (1956) 299 R.2d 612.

■ It is quite clear, therefore, that when a will provides that the estate is to pay the inheritance tax, the "inheritance" to be taxed is the sum of what the heir physically gets plus the amount directed to be paid by the estate for the inheritance tax.

## III

■ It should be noted that a stamp tax is considered to be an excise tax levied with respect to the creation of instruments. 84 C.J.S. § 124.

Section 184(a) says "When testamentary provisions, contained in testaments alone or in testaments in connection with codicils, come into force after the death of the testator, they are to be provided with first class stamp tax according to the value of that, which according to said provisions is transmitted by inheritance . . . ." At first blush it would appear that it is the intention of the legislature to levy the stamp tax upon the inheritance transmitted. According to the cases referred to earlier this would mean a stamp tax upon the amount physically received plus the amount deducted by the will to be allocated by the estate to pay the inheritance tax.

## IV

██ ██ However, Section 184(a) goes on to be specific in instructing as to how to calculate the tax by saying ". . . so that the amount which according to law should have descended to each of the testamentary heirs or legatees, is to be deducted in calculating the tax." It clearly says that the base for the stamp tax is to be arrived at by first subtracting what should have descended to the testamentary heirs. What should have descended to the testamentary heirs according to law is his intestate share (the amount he could have received had there been no will). An heir taking intestate first receives his share after administrative expenses are deducted and then pays the inheritance tax.

According to this latter portion of § 184(a) the intestate share is deducted from the testamentary inheritance (as defined earlier that will include the inheritance tax directed by the will to be paid by the estate) and the balance is subject to the stamp tax.

## V

There appears to be some ambiguity between the first portion of § 184(a) discussed in III and the last portion

of § 184(a) discussed in IV. That is as to whether the stamp tax is to fall upon that which is transmitted by inheritance or upon the excess of the amount transmitted by inheritance which is received by testamentary provision.

■ ■ "The words of a statute are to be taken in the sense in which they will be understood by that public in which they are to take effect". United States v. Isham 17 Wall. 496, 21 L.Ed. 728.

The statute is also to be construed so as to be congruous with other related statutes.

■ ■ Section 185 provides direction as to who shall pay the stamp tax. In doing so it again states that the tax is to be upon the portion of what the heir gets by will over what he would have gotten intestate.

Section 188(a) provides in part: "If separate documents are drawn up between the heirs, purporting that one or more of them transfer to the other heirs any part of the inheritance devolving upon him or them, they are to be stamped according to the quality of the transfer and the value of that, which is conferred on the individual heir or heirs beyond his or their share of inheritance. . . ." That section deals with transfers between heirs of their inheritances and taxes that portion transferred in excess of the normal intestate share.

## VI

■ In view of the nature of the tax (being in the nature of an excise tax upon the creation of instruments) and in view of the intent set forth in the related stamp tax sections it is clear that § 184(a) is intended to levy a stamp tax upon the excess received by will than would have been received if there was no will.

The base upon which the stamp tax will apply is to be arrived at as follows:

a. Take the legacy by will (this will include any inheritance taxes directed by the will to be paid by the estate).
b. Deduct from that the amount said legatee would have inherited if there were no will.
c. The difference resulting is the base upon which the stamp tax is to be calculated.

Hence if a legatee would have inherited nothing if there were no will, then the entire legacy by will (this would include his inheritance tax directed to be paid by the estate as discussed in II) would be the subject of the stamp tax.

On the contrary, if a legatee would have inherited without the will, that inheritance is to be deducted from the legacy as a credit before the stamp tax is imposed. The legacy would include the legatee's inheritance tax directed by the will to be paid from the estate as discussed in II.

The Court will remand this case to the District Court Commissioner with instructions to compute and approve the stamp tax in accordance with this decision.

*See, also, 256 F.Supp. 558*