ESTATE OF Edward A. BOYD by Julia H. BOYD and Michael E. Boyd, co-personal representatives, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 86–2353.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1987.

Decided May 18, 1987.

John A. Herbers, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, Wis., for petitioners-appellants.

G. Roger Markley, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before POSNER, FLAUM, and MANION, Circuit Judges.

POSNER; Circuit Judge.

If A in his will devises property to B and C, and B is his wife and everything he leaves to his wife qualifies for the marital deduction in the federal estate tax, and C disclaims his own bequest, then the amount of that bequest is added back to B's share of the estate, passes to her by the will, and qualifies for the marital deduction. The same is true if the bequest to C is a bequest of whatever money is needed to pay some tax that C would otherwise owe. The question in this case is whether, if instead of making a formal bequest to C the will directs the executor to pay the tax, C's disclaimer of this benefit will operate as before to restore the amount of the "bequest" to the assets qualifying for the marital deduction. The IRS and the Tax Court say "no."

In 1966 Edward Boyd had executed a will leaving his estate to his wife, Virginia, or if she died before him to his son, Michael. She died. Edward Boyd remarried, and in 1979 died. As he had never revoked his 1966 will, the entire probate estate—some $153,000 after various expenses and debts—was left to his son, Michael. Michael wanted to provide for his stepmother (Edward Boyd's widow), so he disclaimed his interest in the estate under the will as well as any interest he might have by virtue of the intestacy laws of Wisconsin, where Edward Boyd had lived and where his will was probated. As a result of Michael Boyd's double disclaimer, all the property in the probate estate passed by intestacy to Edward's widow.

At the time of his death, Edward Boyd carried $389,000 in life insurance. Michael was the only beneficiary. The proceeds of this insurance were an asset of Edward Boyd's estate for purposes of federal estate tax law, 26 U.S.C. § 2042, though not a part of his testate or intestate estate (his "probate estate" as we are calling it) under Wisconsin law. By virtue of section 2206 of the Internal Revenue Code, an estate can require the beneficiary of a life insurance policy over which the decedent had (as here) retained control during his lifetime to reimburse the estate for the federal estate tax allocable to the insurance proceeds, unless the testator has directed otherwise. The will of Edward Boyd did direct otherwise—directed his executor to pay out of the probate estate the tax (an estimated $78,000) allocable to the life-insurance proceeds. The money to pay this tax would of course come from assets otherwise going to Edward Boyd's widow, since, as a result of Michael's disclaimers, she is the sole beneficiary of the probate estate. Michael didn't want to deplete his stepmother's assets by the amount of the tax, so in addition to disclaiming his testate and intestate rights to his father's estate he disclaimed "any right to have the probate estate pay any federal or Wisconsin estate or inheritance tax on any property passing to me outside the probate estate." He backed up this disclaimer by giving the estate a check for the estimated tax due.

The Internal Revenue Service refused to give effect to this disclaimer. The result, if upheld, will be an increase in estate tax. Under the statute in force when Edward Boyd died, all property in an estate the size of his that passed to his wife would qualify for the federal estate tax's marital deduction. See 26 U.S.C. § 2056 (1976 and Supp. 1978). So if Michael's disclaimer of his father's direction that the probate estate pick up the tab for the estate tax on the life insurance proceeds was effective for purposes of federal estate tax, the entire probate estate (with an immaterial exception) qualified for the marital deduction. If the disclaimer was ineffective for those purposes, only the probate estate minus $78,000—the $78,000 being in that event a gift by Edward to Michael rather than property passing by testacy or intestacy to Edward's widow—qualifies for the marital deduction, and the estate will have to pay estate tax on an additional $78,000 (actually more, for reasons unnecessary to get into). The Tax Court agreed with the Internal Revenue Service, 85 T.C. 1056.

Section 2518 of the Internal Revenue Code provides that the disclaimer of "any interest in property" of an estate is effective for purposes of computing federal estate tax, provided certain conditions are met (which they are in this case). By virtue of this provision, all the testate and intestate interests in the property of Edward Boyd's gross estate that Michael disclaimed became a part of the estate received by Edward Boyd's widow and hence qualified for the marital deduction. But the IRS and the Tax Court believe that the benefit which Michael enjoyed by virtue of Edward Boyd's direction to his executor to pay estate tax on the life insurance proceeds that Michael would receive at Edward's death was not an interest in property within the meaning of section 2518.

As the estate points out, under Wisconsin law such a direction is a transfer of property. That was settled in *In re Levalley's Estate*, 191 Wis. 356, 210 N.W. 941 (1926). The question was whether a direction in the testator's will that inheritance taxes assessed against certain pecuniary bequests be paid out of the residue of the estate was a "transfer of property, real, personal or mixed, or any interest therein," to the recipients of the bequests, in which event the tax payments would be subject to state inheritance tax, just like the underlying bequests themselves. The court answered "yes": "the right of the legatee to receive his legacy free from the tax gives him an interest in the estate over, above, and beyond the legacy which is a net amount of the gift really made to him and constitutes a transfer of an interest in the estate whether it consists of real, personal, or mixed property." *Id.* at 359, 210 N.W. at 942. In other words, the direction was a bequest of an interest in property. See also *In re Bowlin's Estate*, 189 Minn. 196, 248 N.W. 741 (1933); Annot., 69 A.L. R.3d 122, 469–70 (1976). Now for purposes of federal tax law, as of federal bankruptcy law, the definition of "property" is given by the applicable state law, see *United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985); *McCarthy v. United States*, 806 F.2d 129, 130–31 (7th Cir.1986), which all agree is Wisconsin law in this case. The fact that *Levalley's Estate* did not involve a disclaimer is irrelevant. The question is not whether Michael Boyd disclaimed the direction in his father's will; obviously he did. It is whether what he disclaimed was an interest in property. That is an issue of state law, resolved in the estate's favor by *Levalley's Estate.*

It is true that the direction is not a bequest in form and that form is terribly important in tax law. Forms provide a framework for confident planning. If we uphold the Tax Court, testators who have life insurance will know that if they want to change the tax apportionment required (in the absence of express waiver) by section 2206 and at the same time empower the beneficiary to disclaim the change if he wants to, they should proceed by express bequest rather than by direction. For the government concedes that if Edward had said in his will, "I bequeath to my son Michael so much of the probate estate as is necessary to reimburse him for the estate tax that would otherwise be due on life

insurance of which he is the beneficiary," Michael's disclaimer of this bequest would have made the entire probate estate qualify for the marital deduction; the amount of the bequest would have been restored to the estate and would have passed to Edward Boyd's widow and thus qualify for the deduction.

■ Conscious though we are of the importance of having bright lines in tax law, we are not authorized to disregard Wisconsin's classification of a direction to pay taxes as a bequest of an interest in the property of the probate estate. Thus, *Jeschke v. United States*, 814 F.2d 568, 576–77 (10th Cir.1987), cannot help the government. There state law made the surviving spouse's share of a decedent's estate subject to certain expenses which the decedent's children agreed to pay so that their mother's share of the estate would not be diminished, and the court held that this agreement did not expand the marital deduction. But there was no suggestion that state law treated the obligation of the surviving spouse to pay certain expenses as the conferral of a property interest on the other beneficiaries, and hence that the agreement had the effect under state law of disclaiming part of the children's interest in the estate, thereby enlarging the portion of the estate that had gone to their mother.

Neither in its scholarly brief (32 footnotes in 34 pages) nor at oral argument, where we pressed the question, could the government supply a practical reason against treating Michael's disclaimer as one of an interest in property of his father's estate. The government takes its stand four-square on the proposition that a direction is not a bequest. We do not agree, even assuming that Wisconsin's view of the matter is not dispositive. A bequest is a direction to the executor to pay someone a part of the probate estate's assets. A common form of bequest is the forgiveness of a debt owed the testator. This is just as much a bequest as an outright gift, and if the intended recipient disclaims it—if he insists on repaying the debt—this disclaimer is, we should think,

effective under section 2518. (We can find no cases on the point, however.) What Michael did was the same. The direction in his father's will forgave the share of estate tax that Michael otherwise could have been made to reimburse the estate for by virtue of section 2206: forgave a debt. (A debt to the IRS as well as to the estate, should the estate fail to pay the estate tax due. See 26 U.S.C. § 6324(a)(2); 5 Bittker, Federal Taxation of Income, Estates and Gifts ¶ 135.7.3, at pp. 135–30 to 135–31 (1984).) In disclaiming this benefit, this forgiveness, Michael was disclaiming a bequest.

We can understand how the government might be troubled if persons deriving some indirect, intangible, unliquidated benefit as a result of a direction in a will complicated the administration of the estate tax by disclaiming the direction and by then claiming that they had conferred a benefit on the estate which the Internal Revenue Service must proceed to value. That is not this case; however, since Michael disclaimed a cash gift, or more precisely the forgiveness of an exactly ascertainable debt.

The artificiality of the government's position is underscored by the fact that the sole beneficiary under the will, Michael, disclaimed *all* interest under it. As a result, all of the property in Edward Boyd's gross estate passed either by survivorship (the life insurance proceeds) or by intestacy (the probate assets); none of it passed by the will. Even the estate tax on the life insurance proceeds was not apportioned by the will, because Michael paid the tax that section 2206 would have required him to pay had there been no will. So the will did not control the disposition of any of Edward's property—and why therefore should a direction alter the estate's tax liability, especially since it would not have done so (the IRS concedes) if the testator had used a slightly different form of words, having no different substantive consequences? There is no suggestion that Edward Boyd or anyone else derived any benefit, tax or otherwise, from using the language of direction rather than bequest.

The only reason the Tax Court gave for refusing to recognize the disclaimer is that

by virtue of the direction in the will the estate tax allocable to the life insurance proceeds was a liability of the estate and hence reduced the net estate on which the marital deduction is calculated. This is not a reason, but a conclusion. If the disclaimer was effective, the liability of the estate was wiped out, just as the liability of the estate to pay a bequest to legatee X is wiped out if X disclaims the bequest.

REVERSED.