OTTO EHRLICH, PLAINTIFF, v. PUBLIC EMPLOYEES' RE-
TIREMENT SYSTEM OF NEW JERSEY, AND THE MAYOR
AND COUNCIL OF THE BOROUGH OF RIDGEFIELD,
DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 9, 1956.

*Mr. Joseph F. Kearney,* attorney for plaintiff.

*Mr. Lawrence E. Stern,* of Counsel for defendant Public Employees' Retirement System of New Jersey (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney).

*Mr. Edwin A. A. Muller,* attorney for the Mayor and Council of the Borough of Ridgefield.

WAESCHE, J. S. C.  The facts in this case are undisputed and appear, by stipulation, in the pretrial order. .

Plaintiff is the borough clerk of the Borough of Ridgefield.  He was duly appointed borough clerk on March 15, 1938, and has held said office continuously from that date down to the present time.

At the general election in November 1945 the qualified voters of the Borough of Ridgefield adopted the State Em-

ployees' Retirement System of New Jersey, *N. J. S. A.*
43 :14–1 *et seq.* The plaintiff elected to become a member
of said retirement system, and was enrolled in said system
on July 1, 1946. From that date to January 1955 the
Borough of Ridgefield, with the knowledge and consent of
the plaintiff, made regular deductions from his salary as
borough clerk and paid same into the said system.

In January 1955 the State Employees' Retirement System
was superseded by the Public Employees' Retirement System,
*N. J. S. A.* 43 :15A–1 *et seq.* Plaintiff elected to continue
as a member of the Public Employees' Retirement System,
and has been a member of said System continuously down
to the present time. With plaintiff's knowledge and consent,
deductions were made from his salary and paid into the
Public Employees' Retirement System.

Plaintiff was born April 30, 1883. He became 70 years
of age on April 30, 1953. The Borough of Ridgefield has
indicated to the Public Employees' Retirement System that
it intends to keep plaintiff in its employment as borough
clerk.

Plaintiff contends that, pursuant to *N. J. S. A.* 40 :46–7,
he cannot be removed from his office as borough clerk except
for good cause shown after a fair and impartial trial, and
that he can hold his said office indefinitely during good
behavior. Hence, he contends that he cannot be forced to
retire.

The office of borough clerk is a public office. In
New Jersey a public office is not created for the benefit
of the holder thereof. It is created for the purpose of
carrying on the operations of the government. The holder
of a public office does not have any vested interest or pro-
prietary rights therein, nor does he occupy the office under
any contract. The cases supporting the foregoing principles
of law are collected and cited in *DeMarco v. Board of Chosen
Freeholders, Bergen County,* 36 *N. J. Super.* 382, at *page*
386 (*Law Div.* 1955).

*N. J. S. A.* 43 :14–19 provides in part as follows:

"Every employee to whom this chapter applies shall be deemed to consent and agree to any deductions from his compensation required by this chapter and to all other provisions of this chapter."

*N. J. S. A.* 43:14–35 provides in part as follows:

"A member who shall have reached seventy years of age shall be retired by the board for service forthwith, or at such time within ninety days thereafter as it deems advisable, except that an employee reaching seventy years of age may be continued in service from time to time upon written notice to the board of trustees by the head of the department where the employee is employed."

*N. J. S. A.* 43:15A–25 provides in part as follows:

"Every employee to whom this act applies shall be deemed to consent and agree to any deduction from his compensation required by this act and to all other provisions of this act."

*N. J. S. A.* 43:15A–47 (*L.* 1954, *c.* 84, *sec.* 47) provides in part as follows:

"A member who shall have reached 70 years of age shall be retired by the board for service forthwith, or at such time within 90 days thereafter as it deems advisable, except that an employee reaching 70 years of age may be continued in service from time to time upon written notice to the board of trustees by the head of the department where the employee is employed."

■ Tenure right may be modified by statute: *Phelps v. State Board of Education,* 115 *N. J. L.* 310 (*Sup. Ct.* 1935) affirmed 116 *N. J. L.* 412 (*E. & A.* 1936).

■ The plaintiff has accepted the provisions of the Public Employees' Retirement System, *N. J. S. A.* 43:15A–1 *et seq.* He is, therefore, subject to the provisions of that act, and must accept retirement unless he is "continued in service from time to time upon written notice to the board of trustees by the head of the department where the employee is employed." *N. J. S. A.* 43:15A–47 (*L.* 1954, *c.* 84, *sec.* 47). To this extent, he has waived the protection of *N. J. S. A.* 40:46–7.

■ In my opinion this is a suit which may be brought under *N. J. S. 2A:*16–53, the Uniform Declaratory Judgments Law.