AGNES K. McGEE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ALBERT A. F. McGEE, DECEASED, PETITIONER-APPELLANT, v. BOARD OF TRUSTEES OF PUBLIC EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT.

Argued September 29, 1965—Decided October 25, 1965.

*Mr. Albert F. McGee, Jr.,* argued the cause for petitioner-appellant.

*Mr. Richard Newman,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney, *Mr. Newman,* of counsel).

PER CURIAM. The Board of Trustees of the Public Employees' Retirement System (Board) on October 15, 1963 denied an accidental disability retirement allowance which Judge Albert A. F. McGee sought under *N. J. S. A.* 43:15A–43, which provides in part as follows:

"A member who has not attained the age of 70 shall, upon the application of the head of the department in which he is employed or upon his own application * * * be retired by the board of trustees, if said employee is disabled as the result of personal injuries sustained in or from an accident arising out of and in the course of his employment, on an accidental disability allowance. * * *"

Pursuant to *R. R.* 4:88–8 an appeal to the Appellate Division was taken, but a consent order staying the appeal for 90 days was entered on February 26, 1964 so that a hearing could be held for the purpose of taking testimony and for a determination thereafter. A hearing was held on April 21, 1964 and on June 16, 1964 the Board reaffirmed its prior denial of the allowance. The appeal therefrom was certified by us before argument in the Appellate Division.

In January 1959 Judge McGee, then aged 65, assumed his duties in the Atlantic County District Court as a part-time judge while continuing his private law practice. From February 7, 1963 through February 25, 1963, Judge McGee was in Florida for health reasons. He returned to and performed his court duties on February 26, 27 and 28 presiding over jury trials. He next sat on March 6 for a little more than one hour disposing of non-jury matters. He did not sit on March 7. At 2:30 P.M. of that day, he was admitted to the Atlantic City Hospital suffering from myocardial failure. He remained in the hospital until March 25. He never resumed his judicial duties.

On May 31, 1963, Judge McGee filed, pursuant to *N. J. S. A.* 43:15A–47, an application for a service retirement al-

lowance, requesting that his service retirement benefit become effective as of June 6, 1963, the date he would obtain the mandatory retirement age of 70. But he indicated therein that his application was provisional and that notwithstanding it, he would pursue his claim for disability retirement pursuant to *N. J. S. A.* 43:15A-43, *supra*. He was retired on a service retirement allowance. On July 15, 1963, Judge McGee applied for the accidental disability retirement allowance in lieu of the service retirement allowance.

In his application for the disability allowance Judge McGee nominated his wife, under Option 2 of *N. J. S. A.* 43:15A-50, as the one who would be entitled to his allowance in the event of his death. He died on November 25, 1963 of uremia.

In addition to the above recited facts, the Board had before it conflicting medical testimony. Petitioner's treating physician testified that he had advised Judge McGee to quit his work because he "had a considerable amount of arteriosclerosis, probably more than most people have at his age," circulatory weakness and several attacks of heart failure. It was his opinion that the cumulative effect of Judge McGee's work as a lawyer in private practice and as a judge contributed to accelerate his arteriosclerotic heart condition so that the combined work resulted in a progressive deteriorating condition.

On behalf of the Pension Fund a doctor who had examined Judge McGee testified in answer to a hypothetical question that there was no causal connection between his duties as a judge and his illness because the heart disease was the end result of a degenerative process.

The fact issue before the Board was whether Judge McGee's heart failure on March 7 was an "accident arising out of and in the course of employment" under *N. J. S. A.* 43:15A-43.

The Board's original denial of the application for accident disability retirement was based on the grounds that (1) a report of the accident was not filed in its office within 60 days after the accident as required by *N. J. S. A.* 43:15A-43 and (2) "there was no evidence presented of any accident having been met in the course of your employment." The Board's

June 16, 1964 determination was essentially the same. It found that "the heart episode was the end result of the degenerative process and was not, in a material degree, accelerated, aggravated or exacerbated by his judicial duties."

A suggestion was made that the principles of the Workmen's Compensation Act are applicable in deciding the issue of causal connection between the work effort and the alleged accidental injury under the pension acts, citing *Getty v. Prison Officers' Pension Fund*, 85 *N. J. Super.* 383, 390 (*App. Div.* 1964), *Fattore v. Police & Firemen's Retire. Syst. of N. J.*, 80 *N. J. Super.* 541, 549 (*App. Div.* 1963), *Kochen v. Consolidated Pol., etc. Pension Fund Comm.*, 71 *N. J. Super.* 463, 477 (*App. Div.* 1962), and *Roth v. Board of Trustees, etc.*, 49 *N. J. Super.* 309, 319 (*App. Div.* 1958). But compare *Wagner v. Board of Trustees of the Public Employees' Retirement System*, 87 *N. J. Super.* 498 (*App. Div.* 1965), *certiorari* denied 45 *N. J.* 300 (1965) for a *quaere* that these decisions do not so hold.

We need not decide whether the pensions acts' provisions should be analogized to the workmen's compensation principles or whether they require the use of different principles. The finding by the Board that the heart disease "was not, in a material degree, accelerated, aggravated or exacerbated by his judicial duties" is decisive under either approach. The question for us is whether that finding was unwarranted. Upon our view of the entire record, the Board had adequate basis for so finding and therefore we shall not disturb its determination. *Cf. Atkinson v. Parsekian*, 37 *N. J.* 143, 149, 96 *A. L. R. 2d* 602 (1962); *Close v. Kordulak Bros.*, 44 *N. J.* 589, 598–599 (1965).

Affirmed, no costs.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.