103 N.J. Super. 375 (1968)
247 A.2d 354
DIVISION OF PENSIONS, PLAINTIFF,
v.
HARRY W. LINDEMAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 25, 1968.
Mr. Arthur J. Sills, Attorney General of New Jersey, attorney for plaintiff (Mr. William J. Brennan, III, appearing).
Messrs. Stickel, Kain and Stickel, attorneys for defendant (Mr. Harold M. Kain, appearing).
*376 HERBERT, J.S.C.
Both parties seek a declaratory judgment. Although the action might have been brought in the Law Division, there has been no motion to transfer. In all respects counsel have cooperated admirably to bring the case on quickly for pretrial conference and final hearing. The question presented for judgment is whether defendant, a judge of the Essex County Juvenile and Domestic Relations Court, is or is not required to retire upon reaching the age of 70. Defendant contends he was appointed to a five-year term on June 9, 1965 and is entitled to hold office and carry on his judicial work until June 9, 1970. Plaintiff's position is that the age of 70 is a compulsory retirement age for defendant.
The facts have been supplied by stipulation and exhibits. Judge Lindeman was first appointed a judge of the Juvenile Court in March 1945 and has served continuously since then. November 25, 1968 will be his seventieth birthday. In 1955 he applied for membership in, and became a member of, the Public Employee's Retirement System of New Jersey (quite commonly called PERS). The application filed at that time shows that he had been a member of the New Jersey Assembly in 1924, a councilman of the City of East Orange in 1929 and 1930, and judge of the East Orange District Court from April 1930 to March 1945:
Judge Lindeman relies primarily upon N.J.S. 2A:4-7:
"The judges [of the Juvenile and Domestic Relations Courts in the various counties] appointed under sections 2A:4-4 to 2A:4-6 of this title shall each hold office for a term of 5 years and until his successor is appointed and confirmed."
His current appointment, as noted, was made in June 1965 and he holds a commission signed by the Governor certifying that he is to hold the office "for and during legal time." Title 2A was adopted by chapter 344 of the Laws of 1951.
Primary reliance is placed by plaintiff upon sub-section (b) of N.J.S. 43:15A-47. That section is part of the legislation *377 establishing PERS which was enacted as chapter 84 of the Laws of 1954. It reads as follows:
"Retirement from service shall be as follows:
a. A member who shall have reached 60 years of age may retire from service by filing with the board of trustees a written statement, duly attested, stating at which time subsequent to the execution and filing thereof he desires to be retired. The board of trustees shall retire him at the time specified or at such other time within 30 days after the date so specified as the board finds advisable.
b. A member who shall have reached 70 years of age shall be retired by the board for service forthwith, or at such time within 90 days thereafter as it deems advisable, except that an employee reaching 70 years of age may be continued in service from time to time upon written notice to the board of trustees by the head of the department where the employee is employed."
Plaintiff also points to N.J.S.A. 43:15A-25 which, in part, reads:
"Every employee to whom this act applies shall be deemed to consent and agree to any deduction from his compensation required by this act and to all other provisions of this act. Notwithstanding any other law, rule or regulation affecting the salary, pay, compensation, other perquisites, or tenure of a person to whom this act applies, or shall apply, and notwithstanding that the minimum salary, pay, or compensation or other perquisite provided by law for him shall be reduced thereby, payment, less such deductions, shall be a full and complete discharge and acquittance of all claims and demands for service rendered by him during the period covered by such payment."
There is no statute which refers to the Juvenile and Domestic Relations Courts by title or similar designation and then specifies that the judges of those courts shall be retired at 70 or any other age. By contrast, the State Constitution (1947) Art. VI, § VI, ¶ 3, provides that justices of the Supreme Court and judges of the Superior Court shall retire at 70. N.J.S.A. 43:15A-125, adopted in 1957, provides:
"Judges of the County Courts who are members of the retirement system shall be retired upon attaining the age of 70 years."
*378 There is in N.J.S.A. 2A:3-21.1  adopted in 1963  another provision for retirement of County Court judges at 70.
For defendant it is argued with much force that the specific legislation fixing definite five-year terms for judges of the Juvenile and Domestic Relations Court should not be subject to an implied repeal or amendment by the passage at a later date of pension legislation which makes no mention of that court or its judges and applies in general terms to a great many government employees, most of them obviously working without fixed terms. There is also some force in the argument that the express provisions for retirement of County Court judges at 70 (referred to above) indicates a need for something more than the generalities of N.J.S.A. 43:15A-47 where judicial retirement is involved. In this connection exhibits were marked at the hearing to show that legislation setting 70 as the retirement age for judges of the Juvenile and Domestic Relations Courts and for municipal magistrates has in the past been introduced but has not been adopted.
As might be expected, there is little case law which can be regarded as applicable to the question to be decided. In McGee v. Board of Trustees, Public Employees Retirement System, 45 N.J. 576, 578 (1965), 70 was mentioned as the mandatory retirement age of county district court judges, but that comment was not necessary to the decision reached and there is no indication that it was more than a casual one. I do not consider McGee a helpful authority for the present case, although there appears to be for the county district courts, as well as for the juvenile courts, an absence of direct and specific legislation fixing an age of retirement. A case relied upon by defendant because of the reasons expressed in the opinion is Jacobs v. N.J. State Highway Authority, 101 N.J. Super. 572, 576 (App. Div. 1968), where the employee contended that the Authority had no power to adopt and enforce a regulation requiring its employees to retire at 65. It was held that the Authority was not deprived of such *379 power by the provisions of the PERS legislation, the court saying:
"It is inconceivable that by its enactment of a program concerned with the mechanics of a pension system, the Legislature intended to promulgate a state-wide policy governing a mandatory retirement age for all public employees. The Public Employees' Retirement Act simply establishes a system for the accumulation, investment and disbursal of a pension fund and the rights of a member as against the Pension Fund upon retirement for age, and prescribes minimum and maximum retirement ages."
The first sentence of this quotation is helpful to defendant's point of view, but the statement in the second sentence to the effect that our pension laws prescribe minimum and maximum retirement ages is favorable to plaintiff.
The case most nearly in point is Ehrlich v. Public Employees' Retirement System, 42 N.J. Super. 419 (Law Div. 1956). There the plaintiff was a municipal clerk serving under tenure. He was a member of PERS and having reached the age of 70, brought suit for a judgment declaring that he could continue to hold office during good behavior due to his tenure rights under N.J.S. 40:46-7, a statute dealing exclusively with the office of municipal clerk. After quoting from N.J.S. 43:15A-25 and 47 (both quoted above), Judge Waesche said:
"The plaintiff has accepted the provisions of the Public Employees' Retirement System, N.J.S.A. 43:15A-1 et seq. He is, therefore, subject to the provisions of that act, and must accept retirement unless he is `continued in service from time to time upon written notice to the board of trustees by the head of the department where the employee is employed.' N.J.S.A. 43:15A-47 (L. 1954, c. 84, sec. 47). To this extent, he has waived the protection of N.J.S.A. 40:46-7." (at p. 422)
I think the reasons stated in Ehrlich are sound and should be applied here. Judge Lindeman joined PERS in 1955. By joining he became subject to the retirement provisions of N.J.S. 43:15A-47b. His current appointment, though based on a five-year statute, cannot override the statutory *380 retirement age set for all PERS members. If he were not a member of PERS, and therefore not subject to those provisions, he would apparently be entitled to continue in office until June 9, 1970. I have not overlooked the statement made at the hearing by the Deputy Attorney General to the effect that certain judges of the Hudson County Juvenile and Domestic Relations Court are not members of PERS, being members of the Hudson County pension system. They or some of them may become entitled to continue in office beyond the age of 70 on the basis of appointments under N.J.S. 2A:4-7 and because of the absence of a 70-year retirement age in the Hudson County pension plan. However, that result for nonmembers of PERS furnishes no sound reason for adopting defendant's point of view.
A judgment will be entered declaring that Judge Lindeman is subject to the retirement provisions of N.J.S. 43: 15A-47b and that  there having been for him no extension arrangements as permitted by N.J.S.A. 43:15A-47(b)  he shall be retired when he reaches the age of 70.