THOMAS CLARK, *ET AL.*, PLAINTIFFS-APPELLANTS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON AND GEORGE M. BONELLI, SHERIFF OF THE COUNTY OF HUDSON, DEFENDANTS-RESPONDENTS.

JOSEPH MURRAY, ANTHONY SCALCIONE, FRANCIS MURPHY, AND HUDSON COUNTY SHERIFF'S OFFICERS, PLAINTIFFS-APPELLANTS, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1973—Decided October 15, 1973.

Before Judges KOLOVSKY, FRITZ and CRANE.

*Mr. Arthur N. D'Italia* argued the cause for appellants in the *Clark* case (*Messrs. Chasan, Leyner, Holland & Tarleton,* attorneys; *Messrs. Arthur N. D'Italia and John Spadora,* on the brief).

*Mr. Peter S. Valentine* argued the cause for appellants in the *Murray* case (*Messrs. Glickman & Valentine,* attorneys; *Mr. Edward F. Zampella,* of counsel).

*Mr. Jay M. Liebman,* Assistant County Counsel, argued the cause for respondents Board of Chosen Freeholders of Hudson County and George M. Bonelli, Sheriff of Hudson County (*Mr. John J. Geronimo,* Hudson County Counsel, attorney).

*Mr. John M. Van Dalen,* Deputy Attorney General, argued the cause for respondent Civil Service Commission (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

KOLOVSKY, P. J. A. D. ▮ The controversy before us has its genesis in a resolution adopted by the Board of Chosen Freeholders of Hudson County (Board) on December 10, 1970 reading in pertinent part as follows:

1. This Board hereby establishes that the title of Sheriff's Officer in the County of Hudson will be the title employed by this County to encompass the duties of Court Attendant, Process Server and County Correction Officer.

These consolidated appeals — in *Clark* by a group of court attendants and in *Murray* by a group of other employees appointed by the sheriff — are, to quote from the Attorney General's brief, "from various orders of the Civil Service Commission (Commission) which modified and implemented" the resolution and also from the refusal of the Commission to grant appellants a hearing with respect thereto. This court has heretofore stayed the effectiveness of the Commission's orders during the pendency of this appeal.

Since we are satisfied, for the reasons hereafter given, that the Board had no power to adopt its resolution of December 10, 1970, we need not deal with either the content of the Commission's orders purporting to modify and implement that resolution or the propriety of its refusal to grant appellants a hearing.

We recognize that, procedurally, the more appropriate vehicle for attacking the validity of the Board's resolution would be an action in lieu of prerogative writs in the Law Division. In fact, the plaintiffs in *Clark* had instituted such an action but that action was stayed by the trial court pending decision of the appeal before us. Hence — and since the validity or invalidity of the resolution does not depend on facts other than those admitted in the record before us — we proceed to a consideration of that question.

The power to appoint court attendants is vested in the sheriff of the county, an elected officer, by *N. J. S. A.* 2A:11–32. In addition he may, under *N. J. S. A.* 2A:11–35, by and with the consent of the board of chosen freeholders, "appoint not more than 4 persons as officers in charge of court attendants," the cited section further providing that

The positions of officers in charge shall be filled only by promotion from the personnel of court attendants in accordance with civil service laws and regulations.

The sheriff's power to appoint employees — such as the plaintiffs in the *Murray* case — is found in *N. J. S. A.* 40A: 9–117, formerly *N. J. S. A.* 40:41–31, which authorizes the

sheriff to "select and employ the necessary deputies, chief clerks and other personnel."

Various sections of the statutes grant authority to the board of freeholders to fix or approve the salaries to be paid court attendants and classes of employees of the sheriff. But that power to fix or approve salaries — and to approve the creation of the position of officers in charge of court attendants, see *N. J. S. A.* 2A:11–35 — in nowise embodies a grant of power to the board to control the exercise by the sheriff of the authority granted him by the Legislature to select and appoint court attendants and other employees, positions provided for by the legislative enactments.

The Hudson County Board of Chosen Freeholders has no power to override, as in effect it has sought to do by its resolution, the Legislature's directions relating to positions to be filled by appointment by the sheriff and to create a new position, to be called "Sheriff's Officer," to encompass not only the duties of court attendant and process server but also the duties of a county correction officer — the guarding and supervision of inmates of the county jail — a position with respect to which the power of appointment is not in the sheriff but in the board of freeholders.

In Hudson County the "custody, care and control" of the county jail is not in the sheriff under *N. J. S. A.* 30:8–17 but in the board of chosen freeholders pursuant to *N. J. S. A.* 30:8–19. The Board, not the Sheriff, appoints not only the warden of the county jail, *N. J. S. A.* 30:8–20, but also, pursuant to *N. J. S. A.* 40A:9–9 (formerly *N. J. S. A.* 40:21–3), such other employees, including correction officers, as "may be required for the execution of the powers conferred upon it (*N. J. S. A.* 40A:9–9) by *N. J. S. A.* 30:8–19, which vests in the Board "the custody, rule, keeping and charge of the county jails."

The Board argues that authority for the action taken by it is to be found in *Caldaro v. Ferber,* 39 *N. J.* 314 (1963). The argument lacks merit.

*Caldaro* arose in Bergen County where the sheriff — unlike the sheriff of Hudson County — has custody, care and control of the county jail and the authority to appoint jail keepers. *N. J. S. A.* 30:8–18. All that *Caldaro* held was that, under Civil Service Rule 53 (1), the sheriff of Bergen County had power, subject to the limitations embodied in the rule (which is quoted at 39 *N. J.* 319–320) to temporarily transfer court attendants, whom he had appointed, to duties as jail keepers for a period not exceeding six months. *Caldaro* in nowise supports the validity of the resolution adopted by the Board in this case, a resolution whose effect would be to permanently alter the legislative provisions governing the positions and employments of the plaintiffs in the cases before us.

We have no occasion to resolve, since the issue is not before us, whether Civil Service Rule 53 (1), as construed in *Caldaro v. Ferber, supra,* would authorize, in a particular case and subject to the limitations therein provided, the temporary transfer of an employee of the sheriff of Hudson County, be he a court attendant or other employee, to the performance of duties in the county jail.

Since the Board's resolution was invalid, the orders of the Civil Service Commission purporting to modify and implement that resolution must be vacated.

So ordered.