126 N.J. Super. 368 (1974)
314 A.2d 610
IN THE MATTER OF THE TERMINATION OF EMPLOYMENT OF JOHN BRENNAN.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1973.
Decided January 14, 1974.
*370 Before Judges HANDLER, MEANOR and KOLE.
Mr. James F. Ryan, attorney for appellant.
Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Ms. Virginia Long Annich, Deputy Assistant Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.S.C. Temporarily Assigned.
Defendant John Brennan was appointed clerk of the Hudson County District Court by its presiding judge in 1967. He is a member of the Public Employees Retirement System (PERS). In 1971 he reached the age of 70 but, on November 14, 1970, the presiding judge approved his continuance in employment until February 1, 1972 by filing the required notice with PERS pursuant to N.J.S.A. 43:15A-47(b). On January 3, 1972 the presiding judge filed a similar notice extending defendant's employment until February 1973.
On January 12 and 22, 1973 the assignment judge for Hudson County and the presiding judge of the county district court, respectively, advised defendant by letter that no further extensions of his service would be granted. On January 25, 1973 the Board of Chosen Freeholders of Hudson County (Board), by resolution, directed that a notice of request for continuance of employment of defendant be forwarded to PERS.
After a hearing pursuant to an order to show cause issued to defendant and the Board by the assignment judge, he entered an order enjoining defendant from performing duties *371 as clerk of the county district court and the Board from endeavoring to continue defendant in that position. Defendant Brennan appeals.
The sole issue is whether the assignment judge or presiding judge of the county district court on the one hand, or the Board on the other, shall be considered the "employer" of the clerk of the county district court for the purposes of N.J.S.A. 43:15A-47(b).
That statutory provision states:
Any member in service who attains 70 years of age shall be retired by the board of trustees on a service retirement allowance forthwith on the first day of the next calendar month, or at such time within 1 month thereafter as it finds advisable, except that an employee attaining 70 years of age may be continued in service on an annual basis upon written notice to the retirement system by the head of the State department or employer where the employee is employed. [Emphasis added]
We hold that the employer under this section of the statute is not the Board, but rather the presiding judge of the county district court, subject to the supervision of the assignment judge and the Chief Justice.
We so hold even though the attributes of fiscal control as to an employee normally associated with being an employer reside in the Board and the latter may otherwise be considered an "employer" under the PERS Act (N.J.S.A. 43:15A-6 et seq.) by reason thereof. Thus, the clerk's salary is fixed and paid by the Board N.J.S.A. 2A:6-26 and 27. The Board is the "employer" that in the first instance must consent by resolution to permit county employees such as Brennan to be eligible for participation in PERS N.J.S.A. 43:15A-65(a). Permission for county employees to participate in fact was accomplished by Board resolution. As the agency in control of the money used to compensate employees paid by the county, such as the clerk of the county district court, the Board makes the required salary deductions and contributions to be paid to PERS on their behalf. See, e.g., N.J.S.A. 43:15A-65(a), 10, 19 and 24. Additionally, the *372 Board is the "employer" under N.J.S.A. 43:15A-67 whose chief fiscal officer must submit to the retirement system such information and perform such other duties as would be performed in the state service by the head of a department of the State having members in the system.
But the Board's authority as to these fiscal matters does not make it the county district court clerk's employer for the purposes of appointment, supervision or, as here, determining the extent to which, if at all, his employment should continue beyond the retirement age of 70. Cf. Clark v. Hudson County Bd. of Chosen Freeholders, 125 N.J. Super. 340 (App. Div. 1973); In re Salaries of Probation Officers, Bergen County, 58 N.J. 422 (1971).
Whatever meaning "employer" has in other provisions of the PERS statute, there are a number of reasons for concluding that in N.J.S.A. 43:15A-47(b) the Legislature must have intended that term to mean the authority responsible for the supervisory control of the employee involved. This normally would be the appointing authority.[1]
Since the continuance of an employee in service after age 70 under that section plainly is a matter of discretion on the part of the "employer," it is sensible to find that such discretionary decision was intended to be made by the appointing authority. The latter, by reason of its knowledge of the employee and the requirements of the position, as well as its control over and responsibility for the effective operation of its department and the people employed therein, is uniquely situated to determine whether a particular employee should be retained after 70 and, if so, the age at which he should be retired thereafter.
*373 The conclusion we reach in substance accords with the interpretation of the statutory provision adopted, at least since 1969, by the Division of Pensions. N.J.A.C. 17:2-6.15. That regulation requires that any continuance in employment after age 70 be requested by the "appointing authority." Since the Division is charged with administering the act, its construction of this unclear legislative term is entitled to some weight. Lane v. Holderman, 40 N.J. Super. 329, 338 (App. Div. 1956), mod. 23 N.J. 304 (1957); Newberry v. Neeld, 46 N.J. Super. 216, 220 (App. Div. 1957), certif. den. 25 N.J. 132 (1957); State v. Le Vien, 44 N.J. 323, 330 (1965). In 1971 the provision was amended without clearly indicating a rejection of such administrative interpretation.[2] Legislative approval or acquiescence therein, therefore, may be implied. See In re Gillmore, 101 N.J. Super. 77, 86 (App. Div. 1968), certif. den. 52 N.J. 175 (1968); C.I.R. v. Noel's Estate, 380 U.S. 678, 85 S.Ct. 1238, 1240, 14 L.Ed.2d 159 (1965).
The appointing authority of defendant county district court clerk is, by statute, the presiding judge of that court. N.J.S.A. 2A:6-16. See R. 1:33-4(2). Moreover, the clerk is responsible to and under the supervision and control of the presiding judge of that court, subject to the county assignment *374 judge, the Administrative Director of the Courts and the Chief Justice. R. 1:33-4(3), 1:33-3(a)(1), 1:34-2, 1:33-1.
The power to appoint and to supervise the employee's work and performance carries with it authority to determine when the employee should be compelled to retire. Thus, with respect to court personnel such as a court clerk, the "employer" under N.J.S.A. 43:15A-47(b) is the judiciary and not the board of chosen freeholders, even though a court employee is paid by the county.
A contrary result would run afoul of the State Constitution and the general rule that a statute should be construed, if possible, so that its constitutional validity may be sustained. Ahto v. Weaver, 39 N.J. 418, 428 (1963); Schulman v. Kelly, 54 N.J. 364, 370 (1969).
N.J. Const. (1947), Art. VI, § 2, par. 3, vests the Supreme Court with the authority to make rules governing the practice and procedure in all courts, and also to make rules governing the administration of all courts in the State. This provision charges the Supreme Court with the responsibility for the overall performance of the judicial branch, and implies the power reasonably necessary to perform this function, including full authority over the internal management of the courts. It encompasses exclusive authority in the judiciary not only to determine qualifications of court personnel and to control the performance of their duties, but also to decide whether they should be permitted to continue in service after age 70.[3] A statutory provision that purports to vest such responsibility in another branch of government, and thus divide and detract from the constitutional authority of the judiciary in this area, would violate the foregoing constitutional stricture. In re Mattera, 34 N.J. 259, 271-272 (1961); State v. Ruotolo, 52 N.J. 508, 513 (1968); In re Petit Jury Panels, Essex County, 60 N.J. 554, 562 (1972); *375 Kagan v. Caroselli, 30 N.J. 371, 379 (1959); Lichter v. Monmouth County, 114 N.J. Super. 343, 349 (App. Div. 1971). See also, Busik v. Levine, 63 N.J. 351 and dissenting opinion at 386 (1973).
For the foregoing reasons we hold that the "employer" for the purpose of N.J.S.A. 43:15A-47(b) is the presiding judge of the county district court, subject to the approval of the county assignment judge.[4] Since both have concurred in notifying defendant that he may no longer continue as court clerk, he must retire, and the action of the Board endeavoring to veto that notice is a nullity.
Affirmed.
NOTES
[1] In the unusual situation where the appointing authority does not have such supervisory control, the "employer" would be the head of the local, county or state department with such control. Cf. Div. of Pensions v. Lindeman, 103 N.J. Super. 375 (Ch. Div. 1968), aff'd 53 N.J. 70 (1968).
[2] The 1971 amendment changed the prior provision that notice for continuation of employment after age 70 should be given by "the head of the department where the employee is employed" to "`the head of the State department or employer where the employee is employed" (L. 1971, c. 213, § 21). Defendant contends that this change indicates a legislative intent that the agency exercising fiscal control over the position shall be the one to give the notice. We do not agree. No change of substance was made thereby. The amendment did no more than make it clear, consistent with other provisions of the act, that the entire pension act was applicable to local ("employer") as well as state employment units ("head of the State Department"). Indeed, it is consistent with the view we take  namely that under this section the "employer" for local or county purposes means the appointing authority or the head of the local or county department where the appointing authority does not have supervisory control.
[3] As to judges, this authority is restricted, of course, by the retirement ages mandated by the State Constitution and statute.
[4] There is no suggestion in this case that the action of the assignment judge contravenes any determination by the Chief Justice or the Administrative Director of the Courts.