167 N.J. Super. 73 (1979)
400 A.2d 521
OCEAN COUNCIL NO. 12, NEW JERSEY CIVIL SERVICE ASSOCIATION, APPELLANT,
v.
COUNTY OF OCEAN, HONORABLE SAMUEL D. LENOX, JR., ASSIGNMENT JUDGE, SUPERIOR COURT, STATE OF NEW JERSEY AND PUBLIC EMPLOYMENT RELATIONS COMMISSION, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1979.
Decided March 14, 1979.
*74 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Richard H. Greenstein argued the cause for appellant (Fox and Fox, attorneys).
Mr. John C. Sahradnik argued the cause for the respondent County of Ocean (Berry, Summerill, Piscal, Kagan & Privetera, attorneys).
Ms. Erminie L. Conley, Assistant Attorney General, argued the cause for the respondent Samuel D. Lenox, Jr. (Mr. John J. Degnan, Attorney General, attorney).
A statement in lieu of brief was filed on behalf of Public Employment Relations Commission.
*75 PER CURIAM.
In our view those employees assigned to the courts, designated as court clerks, are so closely involved with the operation and functioning of the day-to-day operations of the courts as plainly to constitute an "integral part of the court system [such that] they necessarily come within the the regulatory control and superintendence" of the court, Passaic Cty. Probation Officers' Ass'n v. Passaic Cty., 73 N.J. 247, 253 (1977); N.J.S.A. 40A:9-68, including the fixing of their compensation independently of the board of freeholders, which is charged with the payment of such compensation. In re Court Reorganization Plan of Hudson Cty., 161 N.J. Super. 483 (App. Div. 1978), aff'd o.b. 78 N.J. 498 (1979); N.J.S.A. 40A:9-77.
Equally clear is the paramount authority of the Supreme Court and of the respective assignment judges to determine and to fix the hours of employment, vacations and vacation days of these employees, R. 1:30-5(b), R. 1:33-3, R. 1:34-2. As well stated by the court in the case of In re Reorganization Plan of Hudson Cty.:
The judicial power is vested in the courts of this State by the Judicial Article of the New Jersey Constitution (Art. VI, § 1, ¶ 1) and the Supreme Court is empowered to make rules governing the administration of all courts (Art. VI, § 2, ¶ 3). Accordingly, the Supreme Court through R. 1:33-3(a) and (b), has delegated to the assignment judges of the State the broad powers of administration encompassed therein. Whether it be the Supreme Court directly or the assignment judge as its alter ego in the county, this power and authority encompasses all facets of the internal management of our courts. See Passaic Cty. Probation Officers' Ass'n v. Passaic Cty., 73 N.J. 247, 251-255 (1977). In re Brennan, 126 N.J. Super. 368, 374-375 (App. Div. 1974); Lichter v. Monmouth Cty., 114 N.J. Super. 343, 348-349 (App. Div. 1971). [161 N.J. Super. at 490]
By the same token and to the same extent, there is a proscription and diminution of the authority of P.E.R.C. to intervene in any dispute between the court and these employees with respect to such areas or to enforce related provisions *76 of a collective bargaining agreement made between the employees and the county.
Accordingly, the order of the Public Employment Relations Commission is affirmed. In so affirming said order, it is not our intent to adopt the views of P.E.R.C. as set forth in its opinion, except to the extent specifically expressed herein.