238 N.J. Super. 556 (1990)
570 A.2d 456
THOMAS H. BARNEY, APPELLANT,
v.
BOARD OF TRUSTEES, POLICE AND FIREMEN'S RETIREMENT SYSTEM, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1990.
Decided February 15, 1990.
*557 Before Judges MICHELS, DEIGHAN and R.S. COHEN.
Michael J. Mitzner argued the cause for appellant (Mitzner & Kaczorowski, attorneys; Michael J. Mitzner, of counsel and on the letter brief).
Juan J. Gonzalez, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General of New Jersey, attorney; Mary C. Jacobson, Deputy Attorney General, of counsel; Juan J. Gonzalez, on the brief).
PER CURIAM.
The final administrative action of the Board of Trustees of the Police and Firemen's Retirement System (Board) that denied the application of Thomas H. Barney (Barney) for an accidental disability retirement from his position as a police officer employed by the City of Plainfield is affirmed substantially for the reasons expressed by Board Secretary Ferrazza in his letter opinion of October 19, 1988. The Board held that Barney's fall from the top step when three or four bricks gave way and his landing on the bottom step, approximately five feet below, did not constitute a traumatic event within the scope and meaning of N.J.S.A. 43:16A-7. However, the Board granted *558 Barney an ordinary disability retirement under N.J.S.A. 43:16A-6 based on an orthopedic disability.
We have studied the entire record in light of the arguments presented and are satisfied that the determination of the Board is not arbitrary, capricious or unreasonable, does not lack full support in the evidence and does not violate legislative policies expressed or fairly implied in the statutory scheme administered by the Board. See Gerba v. Board of Trustees, 83 N.J. 174, 189, 416 A.2d 314 (1980); Henry v. Rahway State Prison, 81 N.J. 571, 579-580, 410 A.2d 686 (1980); Campbell v. Department of Civil Service, 39 N.J. 556, 562, 189 A.2d 712 (1963).
Furthermore, we are satisfied that the determination of the Board is consistent with the principles discussed by the Supreme Court in Kane v. Board of Trustees, 100 N.J. 651, 498 A.2d 1252 (1985), Maynard v. Board of Trustees, 113 N.J. 169, 549 A.2d 1213 (1988) and Ciecwisz v. Board of Trustees, 113 N.J. 180, 549 A.2d 1218 (1988). To the extent that Quigley v. Board of Trustees, 231 N.J. Super. 211, 555 A.2d 642 (App.Div. 1989), relied upon by Barney, can be read to support a contrary conclusion, we disagree with its analysis. First, we point out that the Quigley discussion of traumatic event is dicta because the Board's final determination was affirmed on the medical causality question and the traumatic event analysis was not essential to the outcome of that case. Second, the analysis in Quigley takes insufficient account of the legislative intent encompassed by the 1966 amendment to N.J.S.A. 43:15A-43 (L. 1966, c. 67, § 4) to make the granting of accidental disability retirement more difficult than it had been previously by narrowing the instances in which such retirement may be awarded. Finally, the Quigley analysis is in conflict with the principles discussed in Kane v. Board of Trustees, supra, Maynard v. Board of Trustees, supra, and Ciecwisz v. Board of Trustees, supra.
In our view, the source of Barney's injury was not a great rush of force or uncontrollable power. Rather, Barney slipped *559 and fell when he lost his balance after stepping on a loose brick. His fall down the steps was not comparable to the direct and unbroken fall of an individual from a considerable height with its attendant gravitational forces. In sum, Barney's slip and fall was not appreciably different from the slip and fall of the teacher on the highly polished floor discussed in Maynard v. Board of Trustees, supra. There, the Supreme Court found that the teacher was not entitled to accidental disability benefits because the incident did not constitute a traumatic event. Specifically, the Supreme Court held that the slip and fall from the ground level does not involve a great rush of force or uncontrollable power. In so holding, the Court pointed out that:
Notwithstanding the clear legislative message, the Appellate Division in several unpublished decisions has reached conflicting results. The decisions that have found a slip-and-fall to be a traumatic event have sought to draw on an illustration in Kane that a fireman "who falls off the top step of a tall ladder," 100 N.J. at 663 [498 A.2d 1252], has been injured in such an event. Those cases reason that the gravitational force of the fall is like the great rush of force required by Kane.

The analogy is misplaced. Whatever confusion was generated by the cited illustration should have been put to rest by the facts of the case in Kane, in which two police officers slipped and fell, but were found not to be entitled to accidental disability benefits. The fact that the claimant in this case struck the ground and the officers did not is irrelevant. In slip-and-fall cases, no force or power originates anywhere except from the person falling. Any gravitational force that is generated by the fall is not "great," as that term was used in Kane. Although a fireman who falls from the top step of a tall ladder also falls as a result of his or her own conduct, the height of the ladder generates a gravitational force that, unlike that of someone who is standing on the ground, is "great."
The fact that claimant cannot recover accidental disability benefits does not prevent her from recovering workers' compensation benefits and an ordinary disability pension. As Chief Justice Weintraub explained:
The State has provided workmen's compensation benefits for public employees both at State and local levels, N.J.S.A. 34:15-43. Pension and annuity plans have another role. They provide retirement benefits after years of service, and although disability benefits are a rational part of such a program, there is no inherent compulsion to duplicate the coverage already provided by the workmen's compensation statute. [Russo [v. Teachers' Pension and Annuity Fund], supra, 62 N.J. [142], 147, 299 A.2d 697] (1973).
As in Kane, "we are constrained to conclude that this type of mishap is very much what the Legislature had in mind when it enacted the Workers' Compensation *560 Act and when it provided for an ordinary rather than accidental disability pension." 100 N.J. at 664 [498 A.2d 1252]. [113 N.J. at 175-176, 549 A.2d 1213].
Finally, we emphasize that our role in reviewing the Board's finding is to determine "`whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering `the proofs as a whole, ... with due regard also to the agency's expertise where such expertise is a pertinent factor.'" Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 92-93, 312 A.2d 497 (1973) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965)). See also Gerba v. Board of Trustees, supra, 83 N.J. at 189, 416 A.2d 314; In re Suspension of Heller, 73 N.J. 292, 309, 374 A.2d 1191 (1977); Jackson v. Concord Company, 54 N.J. 113, 117-118, 253 A.2d 793 (1969); McGee v. Board of Trustees, 45 N.J. 576, 579, 214 A.2d 21 (1965). We are satisfied that such evidence appears in the record and the denial of the accidental disability retirement was warranted.
Affirmed.