287 N.J. Super. 274 (1996)
670 A.2d 1113
GEORGE T. FLORES, PETITIONER-APPELLANT,
v.
BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES RETIREMENT SYSTEM, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 16, 1996.
Decided February 13, 1996.
*276 Before Judges PETRELLA, SKILLMAN and P.G. LEVY.
Shebell & Schibell, attorneys for appellant (Joseph L. Gijanto, on the brief).
Deborah T. Poritz, Attorney General, attorney for respondent (Mary C. Jacobson, Assistant Attorney General, of counsel; Denise M. Crump, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This is an appeal from the denial of an application for accidental disability benefits from the Public Employees Retirement System (PERS).
Petitioner was employed as the Working Supervisor of Public Works for the Borough of Bay Head. On August 7, 1991, he was monitoring the work of an outside contractor installing a new sewer pipe under a main street in Bay Head. This project consisted of the contractor digging a trench approximately four feet wide and four and a half feet deep and then laying sewer pipe *277 in the trench. While petitioner was observing this work, a member of the Borough Engineer's office asked him to hold a rod used to measure elevations of the pipe. To perform this assignment, petitioner held the measuring device while leaning over the trench. As petitioner was standing in this position, the surface of the blacktop roadway suddenly collapsed, causing petitioner to fall straight down. Petitioner's lower back struck the pipe, resulting in disabling injuries.
After the Board of Trustees of the PERS (the Board) denied petitioner's application for an accidental disability pension on the ground that his accident did not constitute a "traumatic event," petitioner requested an administrative hearing. An Administrative Law Judge (ALJ) found based upon the evidence presented at the hearing, which consisted solely of petitioner's own testimony, that the August 7, 1991, accident constituted a traumatic event. The Deputy Attorney General representing the Board filed exceptions to the ALJ's recommended decision. The Board rejected the ALJ's recommended decision and, incorporating by reference "the factual and legal discussion of the Deputy Attorney General['s] ... exceptions letter," reaffirmed its decision denying petitioner's application.
N.J.S.A. 43:15A-43 provides that a member of the PERS under the age of 65 who is "permanently and totally disabled as a result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties," may retire on an accidental disability pension. The Board stipulated that petitioner is "totally and permanently disabled," that this disability is a "direct result" of the August 7, 1991 accident, and that the accident occurred "during and as a result of [petitioner's performance] of his assigned duties." However, the Board denied petitioner's application on the ground that the collapse of the roadway and petitioner's resulting fall onto the metal sewer pipe did not constitute a "traumatic event."
The phrase "traumatic event," as used in statutes defining a public employee's eligibility for retirement on an accidental *278 disability pension, refers to "a mishap or accident involving the application of some kind of external force to the body or the violent exposure of the body to some external force." Cattani v. Board of Trustees, Police & Firemen's Retirement Sys., 69 N.J. 578, 586, 355 A.2d 625 (1976). For an accident to constitute a traumatic event,
a worker must demonstrate (1) that his injuries were not induced by the stress or strain of the normal work effort; (2) that he met involuntarily with the object or matter that was the source of the harm; and (3) that the source of the injury itself was a great rush of force or uncontrollable power.
[Kane v. Board of Trustees, Police & Firemen's Retirement Sys., 100 N.J. 651, 663, 498 A.2d 1252 (1985).]
Moreover, this force or power "must originate from sources other than the injured party." Ibid.
Slip and fall type accidents ordinarily do not qualify as traumatic events under these tests. Maynard v. Board of Trustees of Teachers' Pension & Annuity Fund, 113 N.J. 169, 549 A.2d 1213 (1988); Ciecwisz v. Board of Trustees, Police & Firemen's Retirement Sys., 113 N.J. 180, 549 A.2d 1218 (1988); Kane v. Board of Trustees, Police & Firemen's Retirement Sys., supra. As the Court pointed out in Maynard, "[i]n slip-and-fall cases, no force or power originates anywhere except from the person falling." 113 N.J. at 175, 549 A.2d 1213. The Court also recently held that a twisting type of injury that is not shown to have been the result of a "great rush of force or uncontrollable power" is not a traumatic event. Mazza v. Board of Trustees, Police & Firemen's Retirement Sys., 143 N.J. 22, 25, 667 A.2d 1052 (1995). On the other hand, the Court held that correction guards who were assaulted by inmates "clearly sustained injuries as a result of `a great rush of force or uncontrollable power.'" Gable v. Board of Trustees of the Public Employees' Retirement Sys., 115 N.J. 212, 222, 557 A.2d 1012 (1989). In reaching this conclusion, the Court distinguished between incidents that involve solely external causes  such as the violent acts of inmates  and those like slip and falls that result from an employee's own conduct:
Each incident was caused by a violent external force  the actions of an unruly inmate. This contrasts with Maynard/Ciecwisz, where the parties merely slipped *279 and fell, the source of the force or power causing injury coming about as the result of their own conduct.
[Ibid.]
We are satisfied that petitioner's accident constituted a traumatic event under the tests set forth in Kane. As in Gable, the force or power that caused the accident  the collapse of a roadway  was completely external to petitioner. And also as in Gable, "the source of [petitioner's injury] was a great rush of force or uncontrollable power," 115 N.J. at 225, 557 A.2d 1012, consisting of a sudden and unexpected fall straight down onto a metal sewer pipe.
In contrast, the accident in Mazza did not involve a completely external force but rather the interaction between a mounted policeman and his horse. Furthermore, the resulting injury involved solely the twisting of the policeman's body, rather than a violent collision with an external, physical object as would have occurred if the policeman had been thrown from his horse and hit his back on a rock.
In support of its decision, the Board relies upon Barney v. Board of Trustees, Police & Firemen's Retirement Sys., 238 N.J. Super. 556, 570 A.2d 456 (App.Div. 1990), which upheld the denial of an accidental disability pension to a fireman who lost his balance after stepping on a loose brick and then fell down five feet of stairs. We viewed the fireman's accident in Barney as a slip and fall that "was not appreciably different from the slip and fall of the teacher on the highly polished floor discussed in Maynard." Id. at 559, 570 A.2d 456. Thus, as in other slip and fall cases, the force or power that caused the accident was the fireman's act of stepping on the loose brick. Therefore, for Barney to be truly comparable to this case, the accident would have to have been caused by a collapse of the stairs rather than the fireman simply slipping.
The Board also argues that the source of petitioner's injury was not "a great rush of force or uncontrollable power" because he fell "only" three and a half feet. However, since the lower back of *280 a standing person is approximately three-and-a-half feet above the ground, and petitioner testified that his back "fell straight down ... onto the pipe" located three-and-a-half feet below the street, petitioner actually may have fallen as much as seven feet. In any event, all of the accidental disability pension cases that have turned on the distance of an employee's fall have involved slip and fall type accidents. See, e.g., Cianciulli v. Board of Trustees, Public Employees' Retirement Sys., 244 N.J. Super. 399, 582 A.2d 1004 (App.Div. 1990); Barney v. Police & Firemen's Retirement Sys., supra; Quigley v. Board of Trustees of Public Employees' Retirement Sys., 231 N.J. Super. 211, 217-19, 555 A.2d 642 (App. Div. 1989). Those decisions have construed the dictum in Kane that a fireman "who falls off the top step of a tall ladder" experiences a traumatic event, 100 N.J. at 663, 498 A.2d 1252, as establishing an exception to the general rule excluding slip and fall type accidents from eligibility for accidental disability pensions. Consequently, those decisions have limited the scope of this exception to substantial falls that can be characterized as "akin to the example in Kane ... of the fireman who falls off the top of the ladder." Cianciulli v. Board of Trustees, Public Employees' Retirement Sys., supra, 244 N.J. Super. at 402, 582 A.2d 1004. However, when the cause of an accident is a violent external force rather than a slip and fall, we perceive no reason why the precise distance that an employee may have fallen should be decisive. We add that there is no suggestion petitioner's injury was an idiosyncratic or unexpected consequence of his accident.
Accordingly, the Board's final decision denying petitioner's application for an accidental disability pension is reversed.