704 A.2d 1041

GAY FAWCETT, PLAINTIFF-APPELLANT, v. BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 6, 1998—Decided January 27, 1998.

Before Judges LONG, KLEINER and KIMMELMAN.

*David H. Lande,* argued the cause for appellant (*Michael J. Glassman,* attorney; *Mr. Glassman,* on the brief).

*Sherrie L. Gibble,* argued the cause for respondent (*Peter Verniero,* Attorney General; *Mary C. Jacobson,* Assistant Attorney General, of counsel; *Ms. Gibble,* on the brief).

The opinion of the court was delivered by

KLEINER, J.A.D.

This is an appeal from the denial of an application for accidental disability benefits from the Public Employees' Retirement System (PERS).

On November 30, 1993, petitioner, Gay Fawcett, was employed as a Medical Relations Specialist II for the Division Of Disability Determinations in the New Jersey Department of Labor. On that date, another Department of Labor employee, Alvin Walker, drove a State vehicle from the parking lot of the Division of Vocational

Rehabilitation in Camden to the front of that office building intending to meet petitioner. Walker stopped the car at the curb, opened the passenger door, and petitioner, who uses a cane to ambulate, entered into the front-passenger seat. As Walker was pulling away from the curb at a normal rate of speed, estimated between five and ten miles per hour, the seat in which petitioner was sitting suddenly slid all the way to the rear of its range adjustment, where it stopped abruptly at the end of the track, causing petitioner to strike her head against the seat back and the headrest. Petitioner's sudden movement startled Walker, who rapidly applied his brakes causing the front passenger seat to lurch forward. Petitioner's body along with the seat moved with uncontrolled force in a forward direction. Apparently the rachet mechanism on the front seat track had failed. Petitioner's cane, which she was holding in her right hand, struck the front firewall of the car. As a result of this incident, petitioner sustained injuries to her back and right hand which permanently and totally disabled her from performing her regular and assigned duties.

Although petitioner's injuries were deemed permanent and totally disabling, her application for an accidental disability retirement pension was denied by the Board of Trustees of the PERS (the Board) on the ground that the accident did not constitute a "traumatic event" within the ambit of *N.J.S.A.* 43:15A–43, which provides, in pertinent part:

> A member who has not attained age 65 shall, upon the application of the head of the department in which he is employed or upon his own application or the application of one acting in his behalf, be retired by the board of trustees, if said employee is permanently and totally disabled as a result of a *traumatic event* occurring during and as a result of the performance of his regular or assigned duties, on an accidental disability allowance.... (emphasis added).

Petitioner requested an administrative hearing. An Administrative Law Judge (ALJ) found, based upon the evidence presented at the hearing, that the incident resulting in petitioner's injuries constituted a traumatic event.[1] The Deputy Attorney

---

[1] The ALJ's recommended decision was issued prior to our decision in *Flores v. Board of Trustees of the Pub. Employees Retirement Sys.*, 287 *N.J.Super.* 274,

General representing the Board filed exceptions to the ALJ's recommended decision and petitioner's counsel filed cross-exceptions. The Board rejected the ALJ's recommended decision and incorporated by reference the "the factual and legal discussion of the Deputy Attorney General['s] ... exception letter," reaffirming its decision denying petitioner's application.

As we noted in *Flores v. Board of Trustees of the Pub. Employees Retirement Sys.*, 287 *N.J.Super.* 274, 670 *A.*2d 1113 (App.Div. 1996),

> The phrase "traumatic event," as used in statutes defining a public employee's eligibility for retirement on an accidental disability pension, refers to "a mishap or accident involving the application of some kind of external force to the body or the violent exposure of the body to some external force." For an accident to constitute a traumatic event,
>
>> a worker must demonstrate (1) that his injuries were not induced by the stress or strain of the normal work effort; (2) that he met involuntarily with the object or matter that was the source of the harm; and (3) that the source of the injury itself was a great rush of force or uncontrollable power.
>
> [*Kane v. Board of Trustees, Police & Firemen's Retirement Sys.*, 100 *N.J.* 651, 663, 498 *A.*2d 1252 (1985).]
>
> [*Id.* at 277–78, 670 *A.*2d 1113 (citation omitted).]

As part of her findings of fact, the ALJ stated:

> Mr. Walker described appellant's instantaneous rearward and then forward motion as resembling that of a "crash test dummy," the unexpected motion of the seat flying backwards on its adjustment track shocked both Mr. Walker and appellant.

We are satisfied that petitioner's accident constituted a traumatic event under the tests set forth in *Kane*. The force or power that caused petitioner's injury was completely external to petitioner. She neither caused the malfunction of the seat mechanism nor knew of the defect before entering the automobile. Nor did she cause her co-employee to suddenly react and apply his brakes in a manner so as to cause her to be flung forward striking the interior front firewall of the car.

---

670 *A.*2d 1113 (App.Div.1996). After *Flores* was published, and prior to the Board's final decision, the ALJ supplemented her decision citing *Flores*.

The Board's reliance on *Mazza v. Board of Trustees, Police & Firemen's Retirement Sys.*, 143 *N.J.* 22, 667 *A.*2d 1052 (1995), is not persuasive. As we noted in *Flores,* "the accident in *Mazza* did not involve a completely external force but rather the interaction between a mounted policeman and his horse." *Flores, supra,* 287 *N.J.Super.* at 279, 670 *A.*2d 1113. Here, the forces which propelled petitioner both backward and forward were totally external and independent of any act on petitioner's part. Additionally, as noted by the ALJ, unlike in *Mazza,* where there was no impact, but merely a twisting of the officer's back as his horse reared up, here petitioner's body, and particularly her right hand which held the cane, actually impacted with the firewall and interior of the automobile.

We fully realize, as we did in *Flores,* that the phrase "traumatic event" has been interpreted differently in a line of cases dealing with slip and fall-type accidents. *Id.* at 278, 670 *A.*2d 1113. However, petitioner's injury clearly was not sustained in a slip and fall incident, and we are not bound to an analysis of "traumatic event" applicable to such occurrences.

We also are not persuaded by the Board's contention that there was no traumatic event because petitioner's body only moved a short distance within the interior of the automobile. Just as in *Flores,* we perceive of no reason why a short moving distance before impact is dispositive. *Id.* at 280, 670 *A.*2d 1113. Here, both petitioner and Walker described the movement of plaintiff as sudden and unexpected and, as noted, the cause of her body's movement was external.

The Board's final decision denying petitioner's application for an accidental disability pension is reversed.